**Rick KEABLER, Bill Thompson, Mark Abraham, Blaine Hoagland, Carolyn Whitman, Kevin Lee, Randy Ricard, Brad Locker, Jim Walters, Larry Prince, Ron Saben, Lola Saben, Vic Jackovac, Keith Jones, Dan Quincannon, Tami Baldwin, Ernie Acton, Earl Hinkle, Charles McCoy, Kenneth Lane, Nancy Spearman and Bob Davis, Appellants (Plaintiffs),**

**v.**

**CITY OF RIVERTON, Appellee (Defendant).**

**No. 90–220.**

Supreme Court of Wyoming.

March 27, 1991.

William L. Miller of Miller and Fasse, P.C., Riverton, for appellants.

Donald J. Keenan, Riverton, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

## OPINION

MACY, Justice.

Appellants, twenty-two employees of Appellee City of Riverton, appeal from an order granting the City's motion for summary judgment after holding that the portion of the City's personnel policies and procedures providing for employee insurance benefits was voidable by the City.

We affirm.

The employees raise the following issue:

1. The district court erred in holding that the employment contract as set forth in the personnel polic[ies] and procedures of the Appellee/Defendant, City of Riverton[,] was voidable by the Appellee.

5. *Boggess,* 340 N.W.2d at 524.

The parties agreed to the following stipulated facts for the purpose of arguing the motion for summary judgment:

1. All the Plaintiffs were regular employees of the City of Riverton prior to January 9, 1989 and had successfully completed any probationary periods.

2. During the time the Plaintiffs were employees of the City of Riverton, [the] City had in effect personnel policies and procedures compiled in 1985 and subsequently amended. A true and correct copy of the Personnel Policies and Procedures of the City of Riverton is attached hereto as Exhibit "A".

3. Pursuant to a motion passed unanimously by the City Council of the City of Riverton on January 9, 1989, all medical and dental insurance programs available to employees through the City were terminated effective February 9, 1989. A true and accurate copy of the minutes of said meeting is attached hereto as Exhibit "B" and incorporated herein by this reference.

4. The Plaintiffs were employed as police officers (10), police dispatchers and clerks (2), water and sewer department employees (4), custodians (1), utility maintenance (2), equipment operators (1), mechanics (1), and municipal court clerk (1).

The policies and procedures manual attached to the stipulated facts as Exhibit "A" provided in pertinent part:

The City has available for all permanent employees a medical, dental, and life insurance program which is based on equal employee/employer contributions.

\* \* \* \* \* \*

The types, amounts, and carriers of all insurance coverage provided for employees shall be solely determined by the City.

The minutes of the January 9, 1989, special meeting of the Riverton City Council, attached as Exhibit "B" to the stipulated facts, reveal that the Riverton City Council unanimously passed a motion to terminate the self-funded employee insurance program because of actuarial unsoundness and excessive and unexpected costs. If the City had continued to participate, it would have had to fund an additional unbudgeted amount of approximately $117,000 for coverage in 1989. The City chose to terminate coverage rather than pay the additional amount. The employees were given notice of the City's decision, and the termination of insurance benefits became effective February 10, 1989.

On December 20, 1989, the employees commenced a declaratory-judgment and breach-of-contract action, praying for the court to declare that the City had a contractual obligation to provide the insurance benefits set out in the City's personnel policies and procedures manual and praying for damages resulting from the City's failure to provide such coverage. The City answered the employees' complaint, generally and specifically denying that any contract existed between the parties and asserting that the City did not damage the employees and that the employees failed to state a claim for which relief could be granted pursuant to the Uniform Declaratory Judgments Act. The City moved for a judgment on the pleadings, which motion, with the consent of the parties, was converted to a motion for summary judgment. On August 8, 1990, the court entered its order granting the motion for summary judgment after finding that the portion of the personnel policies and procedures manual pertaining to the employees' insurance benefits was voidable because it extended beyond the term during which the Riverton City Council adopted the manual and was not reasonably necessary or of a definable advantage to the City.

This Court has set forth the standards governing appellate review of summary judgments so many times that a detailed analysis of or citation to applicable authorities is not essential. One such standard is, however, applicable to the determination of this appeal. W.R.C.P. 56(e) provides in part:

When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits

or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him.

In *Mariano & Associates, P.C. v. Board of County Commissioners of County of Sublette*, 737 P.2d 323, 331–32 (Wyo.1987), we set forth the test for determining the validity of governmental contracts which extend beyond the term of office of the governing body:

[A]n agreement extending beyond the term of the contracting authority (normally the first Monday of odd-numbered years) may be voidable by the government or void upon attack by a third party if, under the facts and circumstances, the agreement is not reasonably necessary or of a definable advantage to the city or governmental body. The issue when raised is decided as a matter of law, and the burden of evidence of the actual facts defining convenience and necessity devolve either upon the non-governmental contracting party when attacked by the government or upon the third party who separately might attack the validity of the contract.

For the purpose of addressing the employees' issue raised in this appeal, we will assume *arguendo* that the City's personnel policies and procedures manual has the force of a contract.

In an effort to meet the *Mariano & Associates, P.C.* test, the employees' counsel argued that the employees held key positions with the City and that the policies and procedures adopted by the City promoted a stable work force, which was beneficial in carrying out the essential functions of the City's operation. While a secure, stable, and fully insured work force is beneficial to the City, the employees fall short in presenting a material fact to indicate that providing them with insurance was reasonably necessary or of a definable advantage to the City. In any event, the mere conclusory statements made by counsel are not competent evidence necessary to carry the burden to preclude summary judgment. The pleadings, admissions, and stipulated facts of record at the time the motion for summary judgment was granted made a prima facie showing that no genuine issue of material fact existed and that summary judgment should be granted as a matter of law.

We hold that the City is entitled to summary judgment as a matter of law since the employees failed to present any material fact which would demonstrate that it was reasonably necessary or of a definable advantage to the City to extend the insurance coverage beyond the term of the Riverton City Council which adopted the personnel policies and procedures manual providing such insurance.

Affirmed.