**Dr. David F. MICHIE and Betsy Michie, Appellants (Plaintiffs),**

**v.**

**The BOARD OF TRUSTEES OF CAR-BON COUNTY SCHOOL DISTRICT NO. 1, Appellee (Defendant).**

**No. 92–161.**

Supreme Court of Wyoming.

March 1, 1993.

Nicholas Vassallo and Harold F. Buck of Buck Law Offices, Cheyenne, for the appellants.

Dan B. Riggs and Haultain E. Corbett of Lonabaugh and Riggs, Sheridan, and John E. Stanfield of Smith, Stanfield and Scott, Laramie, for the appellee.

Before MACY, C.J., THOMAS, CARDINE and TAYLOR, JJ., and BROWN, J. (Ret.)

MACY, Chief Justice.

Dr. and Mrs. David F. Michie appeal from a district court order which granted a summary judgment adverse to their claim that the Board of Trustees of Carbon County School District No. 1 should be estopped from terminating their coverage under the school district's group health insurance plan.

We affirm.

The Michies raise a single issue for our consideration:

> Is an enforceable contractual obligation a necessary element of a claim for promissory estoppel?

Dr. Michie served as an elected member of the Board of Trustees from 1981 to December 1988. In the fall of 1984, the Board of Trustees requested the school superintendent to investigate whether the board members could legally participate in the school district's insurance plan. The superintendent contacted the school attorney for a legal opinion.

At a Board of Trustees meeting held on October 11, 1984, the school attorney opined that the board members could participate in the insurance plan without violating Wyo.Stat. § 21-3-107 (1992)[1] as long as each participant paid his own premium. The superintendent also informed the board members that participation in the

---

1. Section 21-3-107 provides:

 The members of the boards of trustees of each school district shall serve without compensation; provided, that the members may receive mileage to and from board meetings at a rate not to exceed the maximum allowed by law for state employees.

insurance plan would not be limited to their terms on the Board of Trustees. The minutes reflect that the Board of Trustees took the following action:

Smith then moved to allow board members to be put on the group insurance program at their own expense. Motion seconded by Michie and carried.

Dr. Michie canceled his family's health insurance policy shortly after the aforestated action was taken and enrolled under the school district's insurance plan effective December 1, 1984. John Smith enrolled sometime later.

Dr. Michie and Mr. Smith did not serve on the Board of Trustees after 1988. On March 23, 1989, the then-elected Board of Trustees voted unanimously to disallow participation by all board members, past or present, in the school district's insurance plan. The school district's business manager subsequently informed Dr. Michie and Mr. Smith of the Board of Trustees' action. Dr. Michie informed the Board of Trustees by letter that he intended to seek "redress and relief."

The Michies filed a complaint against the Board of Trustees in the United States District Court for the District of Wyoming on April 3, 1991. They advanced four claims by way of this complaint. First, the Michies asserted that the Board of Trustees breached an alleged contract to allow them to participate in the insurance plan until they were eligible for Medicare. Second, the Michies claimed that they should be allowed to continue to participate in the insurance plan under the principle of promissory estoppel because Mrs. Michie, a diabetic, had been unable to procure adequate insurance privately. Third, the Michies stated a claim under 42 U.S.C. § 1983 for the deprivation of property without due process. Finally, the Michies requested that punitive damages be awarded for the Board of Trustees' alleged willful and wanton misconduct.

The Board of Trustees moved for a summary judgment after it answered the complaint and conducted discovery. At the hearing on this motion, the Board of Trustees argued, among other things, that any obligation undertaken by the 1984 Board of Trustees was not enforceable against a subsequent Board of Trustees as a matter of public policy unless it could be shown that the obligation was "reasonably necessary or of a definable advantage" to the school district. *Mariano & Associates, P.C. v. Board of County Commissioners of County of Sublette*, 737 P.2d 323, 332 (Wyo.1987).

The federal district court ruled in its summary judgment order that the Michies could not maintain their 42 U.S.C. § 1983 action because they possessed no property right, under either contract law or equity, to continue to participate in the school district's insurance plan. The court made this ruling upon determining: (1) that the 1989 Board of Trustees effectively voided the alleged contract because the Michies failed to demonstrate that it was either "reasonably necessary or of a definable advantage" to the school district; and (2) that equitable remedies, being discretionary in nature, do not give rise to legal rights cognizable under 42 U.S.C. § 1983. The court accordingly granted a summary judgment in favor of the Board of Trustees on the Michies' breach-of-contract and 42 U.S.C. § 1983 claims. It also dismissed the Michies' promissory estoppel and punitive damages claims, without prejudice, for lack of subject matter jurisdiction.

The Michies renewed their promissory estoppel claim against the Board of Trustees by filing a complaint in state district court on January 13, 1992. Once again, the Board of Trustees moved for a summary judgment after answering the complaint. The court heard argument on this motion on April 27, 1992, and thereafter issued its decision letter. In its decision letter, the court explained that the Board of Trustees was entitled to a judgment as a matter of law because the Michies failed to demonstrate "the existence of a contract or enforceable promise under which estoppel could be grounded." The court subsequently filed an order of summary judgment from which this appeal is taken.

The Michies concede on appeal that the federal district court determined that they

did not have an enforceable contract with the school district because any contract which might have existed was effectively voided by the 1989 Board of Trustees. They contend, however, that the state district court erred as a matter of law by granting a summary judgment on their promissory estoppel claim, apparently on this basis. The Michies argue that an enforceable contractual obligation is not an element of a promissory estoppel claim.

We agree that a claim for promissory estoppel is not dependent upon the existence of a promise which is enforceable under traditional contract principles. *See McDonald v. Mobil Coal Producing, Inc.,* 789 P.2d 866 (Wyo.1990), *on reh'g,* 820 P.2d 986 (Wyo.1991). By definition, promissory estoppel is an equitable remedy for detrimental reliance upon a promise which does not rise to the level of a formal contract. As explained in RESTATEMENT (SECOND) OF CONTRACTS § 90(1) (1981):

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

This Court has recognized that promissory estoppel may be used as an affirmative cause of action. *Hanna State & Savings Bank v. Matson,* 53 Wyo. 1, 77 P.2d 621 (1938). The elements which must be proved in a promissory estoppel action are:

> "(1) a clear and definite agreement; (2) proof that the party urging the doctrine acted to its detriment in reasonable reliance on the agreement; and (3) a finding that the equities support the enforcement of the agreement."

*Inter–Mountain Threading, Inc. v. Baker Hughes Tubular Services, Inc.,* 812 P.2d 555, 559 (Wyo.1991) (quoting *Provence v. Hilltop National Bank,* 780 P.2d 990, 993 (Wyo.1989)). *See also Lavoie v. Safecare Health Service, Inc.,* 840 P.2d 239 (Wyo. 1992). Whether elements one and two exist are questions for the finder of fact. *See*

*McDonald,* 789 P.2d at 870. Whether element three is satisfied is decided as a matter of law by the court. *Inter–Mountain Threading, Inc.,* 812 P.2d at 560.

In the instant case, the Michies contend that they presented evidence to satisfy each promissory estoppel element. We agree, however, with the state district court that the Michies failed to demonstrate "the existence of a contract or enforceable promise." We do not believe that the court was confused about the law of promissory estoppel as argued by the Michies. Rather, we understand the court's summary judgment order to be founded upon simple deductive reasoning: If it is against public policy to enforce an extended-term governmental contract, it is also against public policy to enforce an extended-term governmental promise embodied in the contract.

In *Mariano & Associates, P.C.,* this Court directly addressed the issue of whether extended-term governmental contracts are voidable as a matter of public policy. The Sublette County Commissioners entered into a two-year written contract with Mariano & Associates for accounting services. After one year, the subsequently-elected Commissioners canceled the contract and entered into a contract with another accountant. Mariano & Associates sued the County for breach of contract and lost on summary judgment. On appeal, this Court stated:

> [A]n agreement extending beyond the term of the contracting authority ... may be voidable by the government or void upon attack by a third party if, under the facts and circumstances, the agreement is not reasonably necessary or of a definable advantage to the city or governmental body. The issue when raised is decided as a matter of law, and the burden of evidence of the actual facts defining convenience and necessity devolve either upon the non-governmental contracting party when attacked by the government or upon the third party who separately might attack the validity of the contract.

737 P.2d at 331–32.

We more recently addressed this issue in *Keabler v. City of Riverton,* 808 P.2d 205

(Wyo.1991). There, the Riverton City Council voted to terminate a self-funded employee insurance program. The city employees sued the City for breach of contract on the basis of representations made in the personnel policies and procedures manual. On appeal from a summary judgment, this Court held:

> [T]he City is entitled to summary judgment as a matter of law since the employees failed to present any material fact which would demonstrate that it was reasonably necessary or of a definable advantage to the City to extend the insurance coverage beyond the term of the Riverton City Council which adopted the personnel policies and procedures manual providing such insurance.

808 P.2d at 207.

 The public policy underlying the rule first articulated in *Mariano & Associates, P.C.* and later applied in *Keabler* is straightforward: A governing body should not be able to deprive its successor in interest of discretion to act for the public good. *Mariano & Associates, P.C.*, 737 P.2d at 329. We believe that this policy applies not only to extended-term governmental contracts but also to extended-term governmental promises which do not constitute formal contracts. Accordingly, both are voidable absent a showing of reasonable necessity or definable advantage. The Michies were not able to satisfy this requirement in federal court and are collaterally estopped from attempting to do so now. The equities of this case do not support the application of the doctrine of promissory estoppel against the Board of Trustees. The Board of Trustees was entitled to a summary judgment as a matter of law.

Affirmed.