**Paul DEL ROSSI, Petitioner,**

v.

**Bill DOENZ, a/k/a William J. Doenz, Respondent.**

**No. 95–39.**

Supreme Court of Wyoming.

March 12, 1996.

Micheal K. Shoumaker of Northern Wyoming Law Associates, Sheridan, for Petitioner.

Hardy H. Tate, Sheridan, W. Perry Dray of Dray, Madison & Thomson, P.C., Cheyenne, and Frank C. Richter of Richter and Torkelson, Billings, for Respondent.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

This case involves a real estate transaction gone bad. Pursuing a theory of promissory estoppel, the jilted buyer filed suit against the seller. A county court jury awarded damages that equaled the buyer's legal fees. The seller appealed to the district court, which reversed the award, finding that the statute of frauds precluded the claim. We agree with the district court that no legal theory justifies the county court jury's award.

We affirm.

## I. ISSUES

Petitioner, Paul Del Rossi, states the issue:

(a) Did the district judge err in his conclusion that the Del Rossi claim is precluded by the statute of frauds?

Respondent, Bill Doenz, phrases the issues less concisely:

(1) Whether an action for attorney's fees and travel expenses growing out of an alleged failed oral agreement for the sale of real property is an issue of fact for a jury to determine or is an issue of law? (a) Did the County Court improperly deny Doenz's Motions to Dismiss? (b) Did the County Court improperly deny Doenz's Motion for Summary Judgment? (c) Did the County Court improperly deny Doenz's Motions in Limine? (d) Assuming there is a question of fact, was the jury improperly instructed or failed to be instructed on the Statute of Frauds? Simply stated, may the County Court ignore the Statute of Frauds and solely consider a theory of Promissory Estoppel for a claim for attorney's fees and consequential damages in a failed oral agreement for the sale of real property?

(2) Does the Del Rossi argument ignore the Statute of Frauds, the Condition Precedents that were part of the sale, the lack of consideration between the parties, as well as, the issue of reasonable reliance?

## II. FACTS

Paul Del Rossi (Del Rossi), buyer, and Bill Doenz, a/k/a William J. Doenz (Doenz), seller, orally agreed to the basic terms of an agreement, but those terms were never reduced to a signed document. Doenz eventually jilted Del Rossi and sold the property to another party. Lacking a written agreement, and thus faced with the formidable task of overcoming the statute of frauds, Del Rossi filed suit under a theory of promissory estoppel seeking damages for the costs of non-refundable plane tickets and attorney's fees which Del Rossi incurred through his efforts to bring the agreement he thought existed to fruition.

A county court awarded Del Rossi $3,816.07, the precise amount of his attor-

ney's fees. Doenz, who had unsuccessfully moved for a directed verdict at the close of Del Rossi's case and at the close of all evidence, moved for a judgment notwithstanding the verdict after the jury returned a verdict in favor of Del Rossi. The county court judge denied the motion. Doenz appealed to the district court, which reversed the jury award, ruling that Doenz was entitled to judgment as a matter of law. Del Rossi appeals that decision.

## III. DISCUSSION

### A. STANDARD OF REVIEW

In *Cargill, Inc. v. Mountain Cement Co.*, 891 P.2d 57, 61 (Wyo.1995), we held that the denial of a motion for summary judgment cannot be reviewed following a trial on the merits:

Before granting summary judgment, a court must determine whether there are any genuine issues of material fact in dispute and, if not, whether the moving party is entitled to judgment as a matter of law. *Roemer Oil Co. v. Aztec Gas & Oil Corp.*, 886 P.2d 259, 262 (Wyo.1994). This two-pronged analysis is inapplicable if a motion for summary judgment is denied and the case is heard on its merits. The first prong of summary judgment analysis is rendered moot when the trier of fact accepts a particular set of facts at trial.

When the "issue of material fact" prong of summary judgment analysis is removed, the only question that remains is whether the moving party is entitled to judgment as a matter of law. The proper procedural mechanism for challenging an adverse judgment, following a trial on the merits, is a motion for judgment as a matter of law. We hold that it is improper to review the denial of a motion for summary judgment following a trial on the merits. *Bigney v. Blanchard*, 430 A.2d 839, 842–43 (Me. 1981).

Generally, a motion for directed verdict is reviewed by determining whether the jury reached the one conclusion reasonable jurors could have reached under the circumstances. *Cargill, Inc.*, 891 P.2d at 62. However, W.R.C.P. 50(a)(1) allows a court to

grant a motion for directed verdict if the evidence presented at trial is legally insufficient. Thus, when the case is allowed to go to the jury and the jury renders a verdict which is not supported by legally sufficient evidence, the trial court has an obligation to direct the entry of judgment as a matter of law. W.R.C.P. 50(b). This obligation must be fulfilled despite the fact that judgment as a matter of law should be granted cautiously and sparingly. *Rhoades v. K–Mart Corp.*, 863 P.2d 626, 629 (Wyo.1993). The decision to grant or deny a motion for judgment as a matter of law is reviewed *de novo*. *Cargill, Inc.*, 891 P.2d at 62.

■ The district court ruled that Doenz's oral promise was unenforceable because it violated the statute of frauds. Since Del Rossi did not sue to enforce the real estate contract, reliance upon the statute of frauds is misplaced. Our decision focuses instead on promissory estoppel and the general rule that litigants must pay their own way. This shift in analysis is entirely appropriate as we may affirm a district court's decision on any proper legal grounds supported by the record. *Gaub v. Simpson*, 866 P.2d 765, 767 (Wyo.1993).

### B. PROMISSORY ESTOPPEL

The legal issue presented in this appeal is whether attorney's fees incurred as a result of an oral real estate transaction are recoverable under a theory of promissory estoppel. Here, the evidence presented at trial was legally insufficient to establish a claim for promissory estoppel. Judgment as a matter of law should have been entered in favor of Doenz following his motion for a directed verdict.

■ To recover damages under a theory of promissory estoppel, Del Rossi must establish that (1) he and Doenz had a clear and definite agreement; (2) that he acted to his detriment in reasonable reliance on that agreement; and (3) that the equities of the situation support the enforcement of the agreement. *Davis v. Davis*, 855 P.2d 342, 348 (Wyo.1993) (*quoting Michie v. Board of Trustees of Carbon County School Dist. No. 1*, 847 P.2d 1006, 1009 (Wyo.1993)). Further, Del Rossi bears the burden of establishing all of the elements of promissory estoppel. *Provence v. Hilltop Nat. Bank*, 780 P.2d 990, 993 (Wyo.1989).

■ The first two elements of a promissory estoppel claim are questions of fact which must be resolved by a jury. *Michie*, 847 P.2d at 1009. The third element, however, is a question of law which must be addressed by a court. *Id.* The question of whether the equities support the enforcement of the agreement necessarily involves questions of policy. *Davis*, 855 P.2d at 348–49. Thus, the question of law which we must resolve is whether, under a theory of promissory estoppel, Del Rossi can recover attorney's fees incurred as the result of an oral agreement to enter into a real estate transaction. We begin by noting that in Wyoming, litigants are generally expected to pay their own attorney's fees unless there is a contractual agreement or some statutory authorization to the contrary. *Sheridan Commercial Park, Inc. v. Briggs*, 848 P.2d 811, 817 (Wyo. 1993). There has been no argument in this case that either exception applies.

■ Therefore, we turn our attention to the proposition that Doenz must pay Del Rossi's attorney's fees since the two orally agreed to enter into a real estate contract. In *Davis*, we said, "[t]he party seeking to have the oral contract enforced must demonstrate a change of position 'substantially for the worse' and the incurrence of 'unjust and unconscionable injury and loss' before the invocation of estoppel can be successful." *Davis*, 855 P.2d at 349 (*quoting Crosby v. Estate of Strahan*, 78 Wyo. 302, 324 P.2d 492, 497 (1958)). There is nothing unjust or unconscionable about requiring a sophisticated businessman to pay the attorney's fees he incurred in a real estate transaction gone sour.

Attorneys are frequently retained in advance by parties who are planning to execute real estate contracts. Those attorneys often generate substantial legal fees. Few would argue with the proposition that it would be foolish to execute such a contract without proper legal advice. In light of these facts, we are not prepared to say that the party who reneges on an oral agreement to agree

must pay the other party's legal fees under a theory of promissory estoppel. Such a conclusion is simply bad public policy.

In essence, Del Rossi argues that any legal fees generated in reliance on an oral agreement to agree are to be hung above the closing table. Suspending the Sword of Damocles above the closing table would certainly have a chilling effect on the sale of real property, and would encourage parties to attempt complex real estate transactions without proper legal advice. The negative impact of such a rule far outweighs any injury suffered by Del Rossi. Del Rossi has failed to establish that requiring him to pay his own legal fees is unjust and unconscionable, or that the equities of this case have overcome the rule that litigants must pay their own way.

## IV. CONCLUSION

The district court correctly concluded that Doenz was entitled to judgment as a matter of law.

Affirmed.

THOMAS, Justice, concurring specially.

I am in complete accord with the decision found in the majority opinion that the district court, which reversed the judgment in the county court, should be affirmed. I have identified, at least for myself, an additional ground for the decision. It can be stated briefly.

We have said, in a number of different instances and contexts, that we do not endeavor to enforce "agreements to agree." *Lavoie v. Safecare Health Serv., Inc.,* 840 P.2d 239 (Wyo.1992); *Inter–Mountain Threading, Inc. v. Baker Hughes Tubular Services, Inc.,* 812 P.2d 555 (Wyo.1991); *Doud v. First Interstate Bank of Gillette,* 769 P.2d 927 (Wyo.1989); *Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.,* 714 P.2d 328 (Wyo.1986); *Roth v. First Sec. Bank of Rock Springs, Wyoming,* 684 P.2d 93 (Wyo.1984); *Czapla v. Grieves,* 549 P.2d 650 (Wyo.1976). Our statute of frauds provides, in pertinent part:

(a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:

\* \* \* \* \* \*

(v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year; \* \* \*.

WYO.STAT. § 1–23–105 (1988).

Ineluctable logic persuades me that, in the instance of an agreement that is void unless it is "in writing, and subscribed by the party to be charged therewith," any preliminary negotiations can constitute nothing more than an "agreement to agree." Consequently, the claimed oral arrangement Del Rossi seeks to enforce under the guise of promissory estoppel is in direct conflict with our rule that we do not endeavor to enforce "agreements to agree."

While the case arose in the context of an agreement to use a particular pipe-threading process, perhaps language in *Inter–Mountain Threading, Inc.,* 812 P.2d at 560, is prophetic for this case:

It is clear from the evidence that Baker Hughes' business relationships under either form of agreement would not have been simple arrangements free of details. Either contemplated relationship would have bound the parties for a substantial period of time and would have involved substantial sums of money. Considering what is at stake in terms of product, technology, trade secrets, money, and reputation, **it is important that the relationship and commitment of the parties, each to the other, be carefully expressed in a formally executed written document.** For the above and foregoing reasons, we also conclude that Baker Hughes could not have expected or foreseen IMT's alleged reliance on Douglas' remarks at the breakfast meeting. (Emphasis added.)

I also would affirm the district court, but I would hold there was no clear and definite agreement upon which Del Rossi could rely. As a matter of law, because the sale of land had to be accomplished by an agreement in writing, the prior negotiations could not be

anything more than an unenforceable "agreement to agree."