2002 WY 178

**Walter B. MIECH, Appellant (Plaintiff),**

v.

**SHERIDAN COUNTY, WYOMING,**
**Appellee (Defendant).**

**No. 02–16.**

Supreme Court of Wyoming.

Dec. 11, 2002.

Donald E. Miller of Graves, Miller & Kingston, P.C., Cheyenne, Wyoming, Representing Appellant.

Roger E. Shumate of Murane & Bostwick, LLC, Casper, Wyoming, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]  This case comes before the court on the following certified question from the United States District Court for the District of Wyoming:

> Whether the holding in *Brodie v. General Chemical Corp.*, 934 P.2d 1263 (Wyo. 1997), requiring additional consideration when an employer modifies an employment contract implied from an employee handbook, applies when a newly-elected governing body modifies personnel policies to restore at-will status?

We answer the certified question as follows:

> (1) The holding in *Brodie v. General Chemical Corporation*, 934 P.2d 1263 (Wyo.1997), applies when a newly elected governing body modifies personnel policies to restore at-will status *if* a showing has been made that the employment contract implied from an employee handbook was justified by necessity and benefit to the governing body at the time the contract was made.  If that showing has been made, the new governing body cannot void the contract under *Mariano & Associates, P.C. v. Board of County Commissioners of County of Sublette*, 737 P.2d 323 (Wyo. 1987), and the usual rules of employment contract law apply, including the *Brodie* requirement that additional consideration must be provided to effectively modify an implied employment contract.
>
> (2) Conversely, the holding in *Brodie* does *not* apply when a newly elected governing body modifies personnel policies to restore at-will status *if* there has been no showing that the employment contract implied from an employee handbook was justified by necessity and benefit to the gov-

---

* Chief Justice at time of oral argument.

erning body at the time the contract was made. If no such showing is made, the new governing body can void the contract under *Mariano,* and the *Brodie* requirement of additional consideration does not apply.

## FACTS

[¶ 2] In a W.R.A.P. 11 certification of a question of law, we rely upon the facts presented by the certifying court. *Kaycee Land and Livestock v. Flahive,* 2002 WY 73, ¶ 3, 46 P.3d 323, ¶ 3 (Wyo.2002). The Certification Order (footnote omitted) contains the following statement of facts relevant to the certified question:

From 1983 until June 30, 1999, [Mr. Miech] was employed as a fire fighter in the Sheridan County Fire Department. [His] position with the Sheridan County Fire Department was eliminated because fire and emergency medical services in Sheridan County and the City of Sheridan were consolidated by agreement. [Mr. Miech] was given the opportunity to be assigned to work for the City of Sheridan Fire Department but declined to pursue this opportunity for personal reasons.

Since 1980, the Board of County Commissioners of Sheridan County has revised the 1980 personnel policies on numerous occasions. The most recent revision to the policies occurred on March 22, 1999. As a result, Sheridan County maintained that on the effective date of [Mr. Miech's] termination, the March 22, 1999, personnel policy was the policy applicable to [Mr. Miech's] employment. In any event, because of previous litigation leaving unresolved questions regarding the applicability of the 1980 personnel policies, Sheridan County agreed to provide [Mr. Miech] the administrative remedies created by the 1980 personnel policies at the time of his termination.

. . .

In his complaint against Sheridan County, [Mr.] Miech alleged causes of action for violation of due process rights, negligence and breach of implied contract. [Mr. Miech] contends that he had a protected property interest in continued employment

with Sheridan County and that this property right was terminated without due process. The claimed source of his asserted property interest is an employment contract implied from the 1980 Personnel Policies and Procedures Manual for Sheridan County, Wyoming. [Mr. Miech's] breach of contract claim is based on [Sheridan County's] alleged "failure to abide by and follow the terms of its contract of employment with [Mr. Miech] as contained within the 1980 personnel policy."

[Sheridan County] maintains that the 1980 personnel policies were not in effect when [Mr. Miech] was terminated, and the subsequent revisions to such policies clearly state that county employees are at-will and create no implied contract of employment. Therefore, [Sheridan County] argues, [Mr. Miech] had no protected property interest in his employment and there is no basis for the breach of contract claim. [Mr. Miech] contends that none of the revisions to the 1980 personnel policies are valid as to him because he was not given consideration for the changes, while [Sheridan County] contends that a newly-elected governing body can revise personnel policies upon their election without the consideration required by *Brodie.*

Following a·hearing on [Sheridan County's] Motion for Summary Judgment, this Court dismissed [Mr. Miech's] due process claim finding that, even assuming he had a property interest in continued employment pursuant to the 1980 personnel rules, [Mr. Miech] was not deprived of due process. The Court reserved judgment on [Mr. Miech's] breach of contract claim pending the Wyoming Supreme Court's answer to the question certified herein.

## DISCUSSION

[¶ 3] Much of the discussion, and the outcome, in this case hinges on two Wyoming cases: *Mariano,* 737 P.2d 323, and *Brodie,* 934 P.2d 1263. In *Mariano,* the court held that a newly elected governing body may challenge a government contract entered into by, and extending beyond the term of office of, the preceding governing body if no showing is made that the contract was necessary

and of benefit to the governing body at the time the contract was made. In *Brodie*, a case involving a contract with a private rather than governmental employer, the court held that additional consideration must be provided to modify a "for cause" implied employment contract to restore at-will status.

[¶ 4] The question we are asked to decide is whether the holding in *Brodie* applies in the context of government employment when a newly constituted governing body modifies an existing implied employment contract to restore at-will status. In other words, is a newly constituted governing body required to provide additional consideration in order to effectively modify an existing employment contract? With this background in mind, we turn to the parties' contentions.

[¶ 5] Walter Miech asserts the personnel policies provided to him when he began his employment with Sheridan County created an implied "for cause" employment contract which was still in effect at the time the county eliminated his position. He contends the newly elected county officials' subsequent efforts to revise the implied contract were not effective because additional consideration did not support the revisions as *Brodie* requires. Mr. Miech also contends he was a nonadministrative, nonessential, nonsupervisory employee; *Mariano* does not apply to employees in that category; and, therefore, newly elected county officials could not void his contract.

[¶ 6] Sheridan County asserts that, under *Mariano*, a newly elected governing body may modify personnel policies, including "for cause" employment contracts implied from employee handbooks, to restore at-will employment without providing additional consideration. The county claims subsequent county officials effectively modified any employment contract implied from the handbook provided to Mr. Miech when he was hired to restore at-will employment. Under the county's theory, Mr. Miech was an at-will employee when his position was eliminated, and he had no right to continued employment. The county further contends Mr. Miech's argument that he was among a class of employees to which *Mariano* does not apply goes beyond the scope of the certified question.

[¶ 7] We begin our consideration of the certified question with a careful examination of the court's holding in *Mariano*.[1] The court held:

> [S]ubject to only applicable state statutes as specifically applied, any contract with a unit of government of the state of Wyoming which extends beyond the term of office of the governmental decisionmakers ... can be subject to challenge if, in consideration of the facts and circumstances, the necessity and benefit to the governmental unit did not justify the extended term when the agreement was made.

737 P.2d at 329. Thus, we determine on a case-by-case basis whether a contract is voidable under *Mariano* according to the particular facts and circumstances, and that determination depends upon whether a contract extending beyond the term of the contracting authority was justified by governmental necessity and benefit at the time the contract was made. The party seeking to enforce the contract has the burden of proving the extended contract term was necessary and of benefit to the governing body at the time the contract was made. 737 P.2d at 330. The court applied these standards in *Mariano* to hold a two-year contract for the performance of auditing services was voidable. *Id.* While suggesting some possible evidentiary scenarios which might satisfy the required showing, the court found on the evidence presented that the accounting firm failed to meet its burden of proving benefit or necessity justifying the two-year contract term. 737 P.2d at 330–31. Thus, *Mariano's* holding that the

---

1. After reviewing earlier Wyoming cases addressing the issue of a newly elected governing body's right to void contracts executed by its predecessor and extending into the new term, the *Mariano* court in essence disregarded those cases as having little precedential value, saying: "Wyoming precedent ... provides two political-economic result-oriented decisions, a two-to-two nonprecedential result, and a footnote in the most recent case. We will view this case generally with a fresh perspective in contemplation of today's world." 737 P.2d at 326. We, therefore, do not consider the earlier cases in resolving the issue before us.

contract was voidable turned on a failure of proof.

[¶ 8] Relying on *Mariano,* the court in *Keabler v. City of Riverton,* 808 P.2d 205, 207 (Wyo.1991), likewise held a new city administration could void a contract based upon a failure of proof. In the contract at issue, the city promised to provide insurance benefits to city employees. A subsequent administration withdrew the promise of insurance benefits. The court held the employees failed to make an adequate showing that the promise to provide insurance was reasonably necessary or of definable advantage to the city. Addressing the employees' contention that they held key positions with the city and the contract promoted a stable work force, the court stated:

> While a secure, stable, and fully insured work force is beneficial to the City, the employees fall short in presenting a material fact to indicate that providing them with insurance was reasonably necessary or of a definable advantage to the City. In any event, the mere conclusory statements made by counsel are not competent evidence necessary to carry the burden to preclude summary judgment.

*Keabler,* 808 P.2d at 207.

[¶ 9] More recently, in *Jewell v. North Big Horn Hospital District,* 953 P.2d 135 (Wyo.1998), one of the issues the court was asked to decide was the very issue presented in this case—whether the right of a newly elected governing body to void existing contracts is subject to the *Brodie* rule requiring additional consideration when an implied "for cause" contract is modified to restore at-will employment. The court decided *Jewell* on other grounds and, therefore, did not reach the issue. However, in dictum the court suggested *Mariano* might not be applicable in the context of some implied for cause employment contracts: "The language of *Mariano* allowing challenge of a contract that is not reasonably necessary or of definable advantage to a governing body is not likely to extend to an implied employment contract for hospital employees of a public hospital." *Jewell,* 953 P.2d at 138–39.

[¶ 10] Turning to the certified question before us, we conclude *Mariano* does not support a blanket rule allowing newly constituted governing bodies to modify implied "for cause" employment contracts without providing additional consideration. Rather, the question of whether a new governing body must provide additional consideration in order to modify an implied "for cause" employment contract to restore at-will status must be decided on a case-by-case basis according to the particular facts and circumstances presented. *Keabler,* and *Jewell* clearly leave open the possibility that an implied for cause employment contract is not voidable under *Mariano* where competent evidence is presented that the contract promotes a secure, stable, and loyal work force. Where such competent evidence is presented, the contract is not voidable, and additional consideration is required to modify an implied contract to restore at-will status.

[¶ 11] Therefore, in cases challenging a new governing body's modification of an implied employment contract to restore at-will status, the first question our courts must answer is whether, considering all the facts and circumstances presented, the employee has met his burden of showing the extended term of the implied "for cause" employment contract was justified by necessity or benefit to the government at the time the contract was made. One such method of making this showing is by presenting competent evidence that the implied "for cause" employment contract promoted a stable, secure, and loyal work force. If the employee meets that burden, the governing body cannot void the contract, and the usual rules of employment contract law apply, including the *Brodie* requirement that additional consideration must be provided when an employment contract is modified. If the employee fails to meet that burden, however, the governing body can void the contract, and the *Brodie* requirement of additional consideration does not apply.

## CONCLUSION

[¶ 12] We answer the certified question as follows: The *Brodie* requirement of additional consideration does not apply when a newly elected governing body modi-

fies personnel policies to restore at-will status and no adequate showing has been made that the "for cause" contract was reasonably necessary or of a definable advantage to the governing body when the contract was made. If, however, an adequate showing is made that the implied "for cause" contract was reasonably necessary or of a definable advantage to the governing body when the contract was made, the contract cannot be voided under *Mariano,* the usual rules of employment contract law apply, and additional consideration is required when a newly elected governing body modifies the contract to restore at-will status.