# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 23

**OCTOBER TERM, A.D. 2025**

**February 20, 2026**

IN THE MATTER OF THE
GUARDIANSHIP OF: RTT, a minor
child,

JAMES SERFOSS, III and LESLIE M.
SALMON,

Appellants
(Petitioners),

v.                                                                          S-25-0184

TYLER THOMAS,

Appellee
(Respondent).

*W.R.A.P. 11 Certified Question*
*from the District Court of Converse County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellants:*
    Shawn Alan Johnson, Keller Law Firm, P.C., Thermopolis, Wyoming.

*Representing Appellee:*
    Kimberly M. Holloway, Casper, Wyoming.


*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Chief Justice.**

[¶1]   This matter presents the certified question of whether unmarried individuals may file a joint petition to adopt a minor child. Our answer is no. Wyo. Stat. Ann. § 1-22-104(b) (2025) does not allow for a joint petition for the adoption of a minor child by unmarried individuals. Multiple individuals may, however, separately petition for adoption of a minor child, and a district court may consolidate those petitions for consideration and grant or deny each petition or multiple petitions as its findings dictate.

## CERTIFIED QUESTION

[¶2]   We agreed to answer the following certified question pursuant to W.R.A.P. 11.01: Does Wyo. Stat. Ann. § 1-22-104(b) allow for a joint petition for the adoption of a minor child by two unmarried individuals?

## FACTS

[¶3]   When answering a certified question of law, we rely upon the facts supplied by the certifying court. *Palm-Egle v. Briggs*, 2024 WY 31, ¶ 3, 545 P.3d 828, 831 (Wyo. 2024) (citing *Miech v. Sheridan Cnty.*, 2002 WY 178, ¶ 2, 59 P.3d 143, 144 (Wyo. 2002)). The question before us is one of law and not dependent on a review of the district court's fact findings. *Palm-Egle,* 2024 WY 178, ¶ 2, 59 P.3d at 144 (citing *Skoric v. Park Cnty. Circuit Ct.*, 2023 WY 59A, ¶ 3, 532 P.3d 667, 668 (Wyo. 2023)). We nonetheless briefly set forth those facts to provide context for our decision.

[¶4]   RTT was born in 2014, and James Serfoss, III, is his maternal grandfather. In September 2016, Mr. Serfoss and his domestic partner Leslie M. Salmon (collectively Petitioners) were appointed as RTT's co-guardians. It is undisputed that Petitioners are not married.

[¶5]   Tyler Thomas (Father) is RTT's biological father. In January 2025, Father filed a petition to terminate Petitioners' guardianship, and Petitioners answered and jointly counterclaimed to adopt RTT. RTT's biological mother consented to the adoption, but Mr. Thomas did not.

[¶6]   Mr. Thomas moved to dismiss the joint adoption petition for failure to state a claim upon which relief can be granted. He argued that because Petitioners are not married, they were not statutorily authorized to jointly petition for the adoption of RTT. The district court issued an order certifying the question of whether two unmarried individuals may jointly petition to adopt, and we accepted the certified question.

1

## STANDARD OF REVIEW

[¶7] Certified questions are questions of law we consider de novo. *Bankers Standard Ins. Co. v. JTEC, Inc.*, 2025 WY 51, ¶ 12, 567 P.3d 1183, 1188 (Wyo. 2025) (citing *Palm-Egle*, 2024 WY 31, ¶ 11, 545 P.3d at 832). The certified question before the Court presents an issue of statutory interpretation, which we likewise consider de novo. *Bankers Standard Ins. Co.*, 2025 WY 51, ¶ 12, 567 P.3d at 1188 (citing *Sinclair Wyo. Refining Co. v. Infrassure, Ltd.*, 2021 WY 65, ¶ 10, 486 P.3d 990, 994 (Wyo. 2021)).

## DISCUSSION

[¶8] Wyo. Stat. Ann. § 1-22-104(b) provides in relevant part that a petition to adopt "may be filed by any single adult or jointly by a husband and wife who maintain their home together." Father contends that because section 104(b)'s only reference to a joint petition is one filed by a husband and wife, no other persons may file a joint petition and Petitioners' joint petition must therefore be dismissed. Petitioners respond that when a singular term is used in a statute, it also includes the plural, and therefore "single adult" can mean one adult or multiple adults. They further contend the statute does not prohibit the filing of a joint petition by unmarried adults and the Court should not read such a restriction into the statute. We turn to our rules of statutory interpretation to address these competing arguments.

[¶9] "The primary objective in statutory interpretation 'is to give effect to the legislature's intent.'" *Bankers Standard*, 2025 WY 51, ¶ 14, 567 P.3d at 1188 (quoting *Sinclair Wyoming Refining Co.*, 2021 WY 65, ¶ 12, 486 P.3d at 994). We begin "by first determining if the statute in question is 'clear and unambiguous' or 'ambiguous or subject to varying interpretations.'" *Bankers Standard*, 2025 WY 51, ¶ 14, 567 P.3d at 1188. "A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." *Id*. at ¶ 15, 567 P.3d at 1188 (quoting *Vahai v. Gertsch*, 2020 WY 7, ¶ 27, 455 P.3d 1218, 1227 (Wyo. 2020)).

[¶10] In a prior case which required that we interpret Wyo. Stat. Ann. § 1-22-104(b), we found an ambiguity in its use of the term "single adult" because that term could refer to marital status or it could mean individual or one. *In re ATWS*, 2021 WY 62, ¶ 17, 486 P.3d 158, 163 (Wyo. 2021). In this case, neither party contends there is an ambiguity in the relevant language of section 104(b), which specifies that "[a] petition may be filed by any single adult ***or jointly by a husband and wife*** who maintain their home together," (emphasis added), and we find no ambiguity.

[¶11] When a statute is unambiguous, we give effect to the plain and ordinary meaning of its words and do not resort to rules of statutory construction. *Bain v. City of Cheyenne*, 2025 WY 67, ¶ 13, 570 P.3d 725, 729 (Wyo. 2025) (citing *State ex rel. Wyo. Dept. of Revenue v. Hanover Compression, LP*, 2008 WY 138, ¶ 8, 196 P.3d 781, 784 (Wyo. 2008)). In interpreting statutes, we consider them as a whole, "giving effect to every word, clause, and sentence according to their arrangement and connection." *Conrad v. Uinta Cnty. Republican Party*, 2023 WY 46, ¶ 16, 529 P.3d 482, 490 (Wyo. 2023) (citation modified) (quoting *In re VS*, 2018 WY 119, ¶ 41, 429 P.3d 14, 26 (Wyo. 2018)). "The omission of words from a statute is considered to be an intentional act by the legislature, and this Court will not read words into a statute when the legislature has chosen not to include them." *Kobielusz v. State*, 2024 WY 10, ¶ 20, 541 P.3d 1101, 1107 (Wyo. 2024) (quoting *Minter v. State*, 2023 WY 35, ¶ 24, 527 P.3d 1249, 1254 (Wyo. 2023)).

[¶12] In *ATWS*, we held that the term "single adult," as used in Wyo. Stat. Ann, § 1-22-104(b) does not refer to marital status and instead means individual or one. 2021 WY 62, ¶¶ 19–20, 486 P.3d at 163–65. Thus, section 104(b) allows an individual to file "a petition." Even if we were to consider the reference to a "single adult" to include the plural of that term, as Petitioners urge,[1] nothing in section 104(b) authorizes the filing of a joint petition by multiple individuals who are not married. The only place the word "jointly" is used is in reference to a petition filed by a married couple.

[¶13] In keeping with our rules of interpretation, we will not supply terms that the legislature omitted from the statute. That is particularly true here where the legislature referenced a joint petition for a married couple but not for an individual. "When the legislature specifically uses a word in one place, we will not interpret that word into other places where it was not used." *In re CRA*, 2016 WY 24, ¶ 18, 368 P.3d 294, 299 (Wyo. 2016) (quoting *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010)).

[¶14] Despite our rules of interpretation that preclude us from supplying terms absent from a statute, Petitioners contend that the silence of section 104(b) on a joint petition for unmarried individuals should not be read as a prohibition. They argue that in *ATWS*, "the Court found that, in the absence of an explicit prohibition, a married individual could indeed file a solo petition for adoption." Petitioners misapprehend our reasoning in *ATWS*.

---

[1] *See* Wyo. Stat. Ann. § 8-1-103(a)(v) (2025) ("[U]nless that construction is plainly contrary to the intent of the legislature … [w]ords in the plural form include the singular and words in the singular form include the plural.").

[¶15] In *ATWS*, KA, a married man, sought to adopt his ex-wife's son, with her consent. 2021 WY 62, ¶¶ 3, 5, 486 P.3d at 159–60. KA had acted as the child's father since he was five months old, and the child had believed KA was his biological father. *Id*. at ¶ 4, 486 P.3d at 159–60. When the child learned KA was not his biological father, he asked KA to adopt him. *Id*. In ruling on KA's petition, the district court construed the term "single adult" to mean an unmarried adult and thus dismissed the petition because KA was married. *Id*. at ¶ 7, 486 P.3d at 160.

[¶16] We reversed, holding that "single adult" did not refer to marital status and instead meant one or individual. *ATWS*, 2021 WY 62, ¶¶ 19–20, 25, 486 P.3d at 164–65. We observed that Wyo. Stat. Ann. § 1-22-103 broadly defines who may adopt a child, *Id*. at ¶ 14, 486 P.3d at 162, and we explained that "if 'single adult' is subject to different reasonable interpretations, we must construe that phrase in harmony with -103, and in a manner reflecting the design and discernable purpose of the adoption statutes." *Id*. at ¶ 15, 486 P.3d at 162.

[¶17] We concluded that because the term "single adult" was susceptible to different meanings, it was ambiguous. *Id*., 2021 WY 62, ¶ 17, 486 P.3d at 163. In construing it in light of the ambiguity, we looked to the legislature's use of similar terms in other statutes, the broad definition of who may adopt, and the purpose of the adoption statutes, to conclude that "single adult" did not refer to marital status. *Id*. at ¶¶ 19–20, 25, 486 P.3d at 163–65. Though we looked at ways the legislature could have made a different intent clear had it intended for "single adult" to mean an unmarried individual, that only buttressed our interpretation; we did not hold that because the legislature failed to expressly prohibit a married person from filing an individual petition, the statute permitted it. *Id*. at ¶¶ 20–22, 486 P.3d at 163–64.

[¶18] In addition to misapprehending our holding in *ATWS*, Petitioners' argument that silence is an implicit authorization for a joint filing runs afoul of the strict construction we use when interpreting adoption statutes. We have recognized that adoption did not exist at common law and is purely a creature of statute. As such, the statutes governing adoption must be strictly construed. *Hede v. Gilstrap*, 2005 WY 24, ¶ 25, 107 P.3d 158, 168–69 (Wyo. 2005) (quoting *In re Estate of Kirkpatrick*, 2003 WY 125, ¶ 12, 77 P.3d 404, 407 (Wyo. 2003)). They define who may adopt and the procedure for adopting, and we are not free to depart from them even where we may feel a different process would be more efficient or better suited to a particular circumstance.

[¶19] Based on the plain language of Wyo. Stat. Ann. § 1-22-104(b), a joint petition to adopt is permitted when it is a married couple petitioning. The statute does not authorize multiple individuals to petition jointly.[2]

---

[2] Because the statutes at issue in the Kentucky and Maine cases Petitioners direct us to are so different

[¶20] Finally, we reject Petitioners' argument that we should deviate from our rule of strict construction to avoid frustrating the intent of the adoption statutes. We have held, as Petitioners contend, that adoption statutes "are not to be construed so narrowly or strictly as to defeat the legislative intent" to provide "for the welfare of children." *ATWS*, 2021 WY 62, ¶ 12, 486 P.3d at 161 (quoting *Matter of Adoption of MAJB*, 2020 WY 157, ¶¶ 21–22, 478 P.3d 196, 203–04 (Wyo. 2020)). In *ATWS*, we invoked this rule of construction because we found section 104(b) to be ambiguous in its use of the term "single adult" and the rules of statutory construction indicated that to define the term "single adult" as an unmarried individual would have impermissibly narrowed the class of persons eligible to adopt under Wyo. Stat. Ann. § 1-22-103. *ATWS*, 2021 WY 62, ¶ 20, 486 P.3d at 163. Section 104(b) is not ambiguous regarding joint petitions, and we do not resort to the rules of statutory construction. Joint petitions may only be filed by married individuals.

[¶21] The strict construction of Wyo. Stat. Ann. § 1-22-104(b) in this case does not produce a result that thwarts the purpose of the adoption statutes because our holding does not restrict who is eligible to adopt. Section 104(b) is purely procedural and prescribes only the manner of petitioning for adoption. *See ATWS*, 2021 WY 62, ¶ 25, 486 P.3d at 165 ("[W]e find no conclusive evidence the legislature intended -104(b) to narrow its broad but plain description in -103 of who 'may adopt in accordance with this act.'").

[¶22] Section 103(b) provides that "[a]ny adult person who has resided in this state during the sixty (60) days immediately preceding the filing of the petition for adoption and who is determined by the court to be fit and competent to be a parent may adopt in accordance with this act." Wyo. Stat. Ann. § 1-22-103. In keeping with our rule of

from ours, that authority does not dissuade us from our plain reading of Wyo. Stat. Ann. § 1-22-104(b). The Maine statute provides: "A husband and wife jointly or an unmarried person, resident or nonresident of the State, may petition the Probate Court to adopt a person, regardless of age, and to change that person's name." *In re Adoption of MA*, 930 A.2d 1088, 1091 (Me. 2000) (citing 18–A M.R.S. § 9–301 (2006)). The Kentucky statute provides:

> (1) Any person who is eighteen (18) years of age and who is a resident of this state or who has resided in this state for twelve (12) months next before filing may file a petition for leave to adopt a child in the Circuit Court of the county in which the petitioner resides.
>
> (2) If the petitioner is married, the husband or wife shall join in a petition for leave to adopt a child unless the petitioner is married to a biological parent of the child to be adopted, except that if the court finds the requirement of a joint petition would serve to deny the child a suitable home, the requirement may be waived.

*GG v. Cabinet for Health & Fam. Servs.*, 718 S.W.3d 715, 717 (Ky. 2025) (citing KRS 199.470).

statutory interpretation that the singular in a statute includes the plural, "any adult person" also means "any adult persons." *See* Wyo. Stat. Ann. § 8-1-103(a)(v) ("[U]nless that construction is plainly contrary to the intent of the legislature … [w]ords in the plural form include the singular and words in the singular form include the plural."). As we observed in *ATWS*, "[i]n putting the child's best interest and welfare at the forefront, nowhere did the legislature prescribe what family structure is in a child's best interest." 2021 WY 62, ¶ 25, 486 P.3d at 165.

[¶23] Mr. Serfoss and Ms. Salmon may both petition to adopt RTT. The restriction is on their manner of petitioning. If each wishes to adopt RTT, each must file a separate petition for the district court's consideration.[3]

## *CONCLUSION*

[¶24] We accepted the certified question of whether Wyo. Stat. Ann. § 1-22-104(b) allows for a joint petition for the adoption of a minor child by two unmarried individuals. Our answer is no. On return to the district court, however, Petitioners may request to amend their answer and counterclaim to state separate counterclaims for adoption and to consolidate their separate claims pursuant to W.R.C.P. 15 and 42(a).[4]

---

[3] Mr. Thomas has also argued that Petitioners' joint petition should be dismissed for lack of standing, but he offered no analysis to support that argument. "[A]s a general matter, we will not consider issues unsupported by cogent argument and citation to legal authority." *Noe v. State ex rel. Dep't of Fam. Servs.*, 2024 WY 127, ¶ 9, 559 P.3d 607, 611 (Wyo. 2024).

[4] Petitioners filed their answer and counterclaim in a guardianship proceeding, and the Rules of Civil Procedure are expressly applicable to such proceedings. *See* Wyo. Stat. Ann. § 3-2-103 (2025). The rules are not expressly made applicable under the statutes governing adoption proceedings, but their application is not precluded.