FILED
United States Court of Appeals
Tenth Circuit

August 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TED ADAMS,

        Plaintiff–Appellant/
        Cross‑Appellee,

v.

LARAMIE COUNTY SCHOOL
DISTRICT NUMBER ONE; BOARD OF
TRUSTEES OF LARAMIE COUNTY
SCHOOL DISTRICT NUMBER ONE,

        Defendants–Appellees/
        Cross‑Appellants.

Nos. 12-8057 & 12-8058
(D.C. No. 2:11-CV-00323-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Ted Adams sued his former employer, Laramie County School District No. 1

("LCSD") and its Board of Trustees, alleging they violated his due process rights and

breached his employment contract. A jury found in favor of defendants. Exercising

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we affirm and dismiss as moot the defendants' cross-appeal.

**I**

We view the record in the light most favorable to defendants as the prevailing parties. See Therrien v. Target Corp., 617 F.3d 1242, 1249 (10th Cir. 2010). In 2007, Adams was hired as LCSD's superintendent. By 2009, several trustees were concerned with his performance, particularly his ability to manage, evaluate, and supervise staff; disseminate information on student achievement and attendance; and develop a data warehouse. Throughout the fall of 2009, the board discussed these concerns with Adams. By December of that year, several trustees had completed performance evaluations indicating that Adams was operating below expected competency levels in multiple areas of review. Adams appraised his own performance and arrived at a similar conclusion.

Adams' employment contract permitted termination for cause, and at least two of the trustees thought he "need[ed] to be gone." These trustees expressed their opinions at a closed board meeting on January 4, 2010, during which the board's chairperson presented a compilation of Adams' performance evaluations. The compilation included individual scores from each trustee, the average scores, and the trustees' written comments. Adams' average scores were below competent in twenty of fifty-seven areas. During the meeting, four of the seven trustees indicated they no

-2-

longer supported him. Given these developments, the board decided to meet with LCSD's attorney, David Evans, at a closed executive session to be held on January 9.

At the January 9 executive session, the trustees discussed their concerns with Evans and decided they should notify Adams that they were considering terminating his contract. The board met with Adams on January 11, and provided him a summary of his performance evaluations and informed him that he had lost the support of the majority of the board. After several trustees explained their concerns, Adams was asked if he had any response. He did not request any further explanation. Evans then offered suggestions as to how Adams might leave his position, including leaving immediately or remaining until June 30, 2010. Adams was given until January 15 to consider his options. He agreed to resign effective June 30, 2010.

Adams subsequently initiated this suit, alleging under 42 U.S.C. § 1983 that defendants terminated him without due process and breached his contract by firing him a year before his contract expired. Defendants moved for summary judgment, but the district court denied the motion. The case proceeded to trial, and a jury returned a verdict in favor of defendants, finding they did not breach the contract because they had cause to seek Adams' resignation. The jury also found that Adams had received due process because he was given notice, an adequate explanation why defendants wanted him to leave, and a fair opportunity to respond.

In appeal No. 12-8057, Adams challenges two jury instructions and an order in limine, which he says contributed to the verdict against him. In appeal

-3-

No. 12-8058, defendants cross-appeal the district court's denial of summary judgment, though they concede their appeal is moot if we affirm the jury's verdict.

## II

"We review a district court's decision to give a particular jury instruction for abuse of discretion, but we review de novo legal objections to the jury instructions." Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins. Co., 711 F.3d 1165, 1171 (10th Cir. 2013) (quotation omitted).

Adams first contests Instruction No. 28, which delineated the elements of his due process claim. He asserts that the instruction failed to inform the jury that he was entitled to a "full-blown pre-termination hearing." We reject this argument because the district court properly concluded that Adams was not entitled to a such a hearing.

Due process requires "notice and an opportunity to respond." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). It is well established that a pre-termination hearing "need not be elaborate." Id. at 545. Although "the formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings . . . [i]n general, something less than a full evidentiary hearing is sufficient prior to adverse administrative action." Id. (quotation and alteration omitted). A public employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546.

Comporting with these principles, Instruction No. 28 told the jury to find in favor of Adams if he proved that:

> [B]efore Plaintiff's termination or forced resignation, Plaintiff was <u>not</u> given notice and an adequate explanation of Defendants' reasons for wanting to terminate him; <u>or</u>, if Plaintiff was given . . . notice and an adequate explanation of Defendants' reasons for wanting to terminate him, Plaintiff was <u>not</u> given sufficient opportunity to respond to Defendants' charges against him[.]

Adams argues he was entitled to a full-blown pre-termination hearing because a post-termination hearing was not available, but he has waived this argument. He never requested a post-termination hearing. And he did not allege in his complaint that he was denied a post-termination hearing. He may not now predicate his argument on the absence of a hearing that he never requested. <u>See</u> <u>Sandoval v. City of Boulder</u>, 388 F.3d 1312, 1329 (10th Cir. 2004) (invoking waiver doctrine because a post-termination hearing was not requested).[1]

Adams also objects to Instruction No. 23, which provided the legal definition of "cause" for termination.[2] Adams' contract contained a provision stating "[n]othing in this Agreement shall be deemed to be a waiver or modification of either

---

[1] Adams maintains that he "could not be aware of any post-termination proceedings as <u>there were none</u>." We fail to see how he could be prevented from alleging that he was denied a post-termination hearing because one was not available to him.

[2] Adams' opening brief also cites Instruction No. 22, but his argument is based on the definition of "cause" as stated by Instruction No. 23.

party's right to terminate this Agreement for cause . . . ." Accordingly, the district court instructed the jury that:

> "[C]ause" to terminate an employee, such as Plaintiff in this case, means that his employer must have had fair and honest reasons for terminating him or forcing him to resign. These reasons must <u>not</u> have been trivial, arbitrary or capricious, unrelated to the school district's business needs or goals, or pretextual. The reasons must have been based on an appropriate review of the employee's performance.

Adams contends this instruction incorrectly imports a good-faith standard into the definition of "cause" that applies only to implied contracts. He says that because his was an express contract, "cause" in this sense means his contract could be terminated only if he "abandoned the contract, or refused or was unable to perform the duties of the superintendent."

We disagree. The instruction tracks the definition of "cause" adopted by the Wyoming Supreme Court in <u>Life Care Centers of America, Inc. v. Dexter</u>, 65 P.3d 385 (Wyo. 2003). In that case, "cause" was defined as "fair and honest reasons, regulated by good faith on the part of the employer, that are not trivial, arbitrary or capricious, unrelated to business needs or goals, or pretextual." <u>Id.</u> at 392 (quotation omitted). <u>Dexter</u>, which involved a contract implied from the terms of an employee handbook, instructs that the good-faith standard applies "[i]n addition to . . . the terms of the handbook in determining whether there was cause for termination." <u>Id.</u>

Adams distinguishes <u>Dexter</u> as involving an implied rather than an express contract, but this distinction is immaterial. The <u>Dexter</u> opinion does not suggest the good-faith standard is inapplicable to an express contract. The Wyoming Supreme

-6-

Court has applied the good-faith standard when the parties assumed an implied contract allowed the employee to be terminated only for cause. See Sheaffer v. State, 202 P.3d 1030, 1042-43 (Wyo. 2009). We also have applied Wyoming's good-faith standard when the express terms of an implied contract required cause for termination. See Williams v. Solvay Chems. Inc., 385 F. App'x 820, 824 (10th Cir. 2010) (unpublished) ("Wyoming courts require the trier of fact to determine not only whether the contract permitted termination for the cause the employer specified, but also whether the reason given by the employer was applied in good faith."); Miech v. Sheridan Cnty., 109 F. App'x 280, 282 (10th Cir. 2004) (unpublished) ("The Wyoming Supreme Court 'ask[s] the trial court to apply the good faith standard for review of employer firing.'" (quoting Dexter, 65 P.3d at 392)).

We therefore reject Adams' challenges to the district court's jury instructions.

**III**

Adams also argues that the district court's order in limine, which excluded testimony of LCSD employees who were expected to testify favorably about his performance, was in error. Before the district court, defendants argued this testimony was irrelevant under Fed. R. Evid. 401 and that any probative value was outweighed by the danger of confusing the issues under Fed. R. Evid. 403. The district court agreed, reasoning that the proffered testimony was not significantly probative of whether the board reasonably believed that Adams was remiss in his duties. Adams insists the testimony was probative to show pretext.

We review a district court's exclusion of evidence for an abuse of discretion. Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 968 (10th Cir. 2001). "Our deferential review applies both to a trial court's threshold determination of relevance under Rule 401 and to its conclusion under Rule 403 that relevant evidence should nonetheless be excluded due to its tendency to cause jury confusion or unfair prejudice." Tanberg v. Sholtis, 401 F.3d 1151, 1162 (10th Cir. 2005).

The district court correctly recognized that the dispositive inquiry is not whether Adams was performing his job competently, but whether the board believed in good faith that he was not. As the Dexter court explained:

> [T]he question to be resolved by the fact finder is not, "Did the employee in fact commit the act leading to dismissal?" Rather, it is, "Was the factual basis on which the employer concluded a dischargeable act had been committed reached honestly, after an appropriate investigation and for reasons that are not arbitrary or pretextual?"

65 P.3d at 392 (quotation omitted). While some employees may have thought Adams was a good superintendent, the dispositive issue is whether the factual basis for Adams' forced resignation was determined by the board in good faith. And there is evidence of the board's dissatisfaction with Adams' failure or refusal to manage and evaluate staff, the level of information he disseminated on student achievement and attendance, and his handling of a data warehouse. These concerns were reflected in Adams' evaluations, including his own, all of which indicate that the board sought his resignation in good faith.

Adams was entitled to rebut the defendants' showing of good faith with evidence of pretext. See Dexter, 65 P.3d at 392. However, although Adams insists a co-worker's opinion of a plaintiff's performance is probative of pretext, his authority is inapposite. He relies on cases in the employment discrimination context, where such evidence is offered to challenge the factual basis for an employer's adverse action. See, e.g., Abuan v. Level 3 Commc'ns, Inc., 353 F.3d 1158, 1174 (10th Cir. 2003) (holding that plaintiff was entitled to submit co-workers' assessment of his work to show employer's stated factual basis for adverse action was pretext for discrimination).

For purposes of this breach of contract claim, whether Adams was competently performing his job is not the relevant issue. See Dexter, 65 P.3d at 392. ("[T]he question to be resolved . . . is not, 'Did the employee in fact commit the act leading to dismissal?'"). Rather, we are concerned with whether the board lacked a good-faith basis for seeking Adams' resignation. On this issue, probative evidence of pretext would have indicated that the board dishonestly sought the resignation. And in that regard, Adams submitted evidence of pretext, but the jury rejected his theory. Adams sought to bolster his argument with additional evidence in the form of co-worker testimony regarding his performance, but we cannot say the district court abused its discretion in concluding the proposed evidence was not significantly probative of the board's basis for seeking his resignation and posed a risk of misleading the jury.

**IV**

The district court's judgment in appeal No. 12-8057 is **AFFIRMED**. Appeal No. 12-8058 is **DISMISSED** as moot.

Entered for the Court


Carlos F. Lucero
Circuit Judge