2009 WY 40

**Mark and Laura VOSS, Appellants (Defendants),**

v.

**Beverly B. GOODMAN, Appellee (Plaintiff).**

No. S–08–0060.

Supreme Court of Wyoming.

March 18, 2009.

416

Representing Appellants: Mark and Laura Voss, Pro se, of Cheyenne, Wyoming.

Representing Appellee: Gay Woodhouse and Deborah L. Roden of Gay Woodhouse Law Office, P.C., Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, and BURKE, JJ, and YOUNG, DJ.

VOIGT, Chief Justice.

[¶ 1] Appellants, Mark and Laura Voss, request relief from a district court decision in a declaratory judgment action finding that the Albany County Board of County Commissioners (Board) did not have authority to grant Appellants temporary access across Appellee's, Beverly Goodman's, land during a private road condemnation case.

## ISSUES

[¶ 2] 1. Did the district court have jurisdiction to issue declaratory judgment as to whether the Board had authority under Wyo. Stat. Ann. § 24–9–101 (LexisNexis 1999) to grant temporary access to Appellants during a private road condemnation action in which Appellants sought permanent access across Appellee's land?

2. Did the district court err when it determined that the Board did not have authority under Wyo. Stat. Ann. § 24–9–101 (LexisNexis 1999) to grant temporary access to Appellants during a private road condemnation action in which Appellants sought permanent access across Appellee's land?

3. Did the district court abuse its discretion when it denied Appellants leave to amend their Answer?

## FACTS[1]

[¶ 3] Appellants filed a petition to establish a private road across Appellee's land in 1999. In 2007, Appellants filed a Motion for Grant of Temporary Access Pending the Final Establishment of a Private Road for [Appellants'] Property. The Board granted that request. Appellee filed a Complaint for Declaratory Judgment and Injunctive Relief requesting that the district court interpret the statute and find that the Board had acted without authority in granting Appellants temporary access during the private road action. Appellee filed a Motion for Summary Judgment. Appellants filed a motion for leave to amend their Answer and a cross motion for summary judgment. The district court issued a decision letter dated October 29, 2007, in which it denied Appellants' request for leave to amend the Answer, granted Appellee summary judgment on the issues of declaratory and injunctive relief,[2] and denied summary judgment on the issue of damages. This appeal followed.

## DISCUSSION

### *Jurisdiction*

[¶ 4] We review the threshold question of jurisdiction under the Declarato-

---

1. A recitation of the facts underlying this case can be found at *Voss v. Albany County Commissioners*, 2003 WY 94, ¶¶ 3–8, 74 P.3d 714, 716–18 (Wyo.2003). Those facts are not relevant to the legal issues in this appeal.

2. We do not reach the issue of injunctive relief because we find that the declaratory judgment provided sufficient remedy for Appellee. The district court's interpretation of the statute is binding on the Board.

ry Judgments Act *de novo*. *Heilig v. Wyo. Game & Fish Comm'n*, 2003 WY 27, ¶ 8, 64 P.3d 734, 737 (Wyo.2003). The district court properly determined that it had jurisdiction to entertain this declaratory judgment action. The Declaratory Judgments Act sets forth the scope of declaratory judgment actions as follows:

> Courts of record within their respective jurisdictions may declare rights, status and other legal relations whether or not further relief is or could be claimed. No proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the effect of a final judgment.

Wyo. Stat. Ann. § 1–37–102 (LexisNexis 2007).

[¶ 5] We have interpreted the Act with respect to declaratory judgment related to administrative proceedings.

> [T]here is a restriction on the availability of a declaratory judgment action with reference to its applicability to administrative matters. Where the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, it should not lie. This is because, if it be otherwise, all decisions by the several agencies could be bypassed and the district court would be administering the activities of the executive branch of government. This restriction on the scope of declaratory judgments is akin to the requirement that administrative remedies must be exhausted before judicial relief is available.
>
> Accordingly, where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained.

*Ten Broek v. County of Washakie*, 2003 WY 164, ¶ 8, 82 P.3d 269, 273–74 (Wyo.2003) (citations omitted). However,

> [t]he purpose of declaratory judgment actions is to render disputes concerning the legal rights and duties of parties justiciable without proof of a wrong committed by one

party against another, and thus facilitate the termination of controversies. Wyoming's declaratory judgment statute states that it is remedial and should be liberally construed and administered. We do not interpret it in a narrow or technical sense, and there remains the prerequisite that the party seeking declaratory relief present the court with an actual controversy. Trial judges may not dispense with the traditional rules prohibiting them from rendering advisory opinions or adjudicating hypothetical issues. An action for declaratory judgment cannot be a substitute for an appeal from administrative decisions but is available even though there is a statutory method of appeal if it concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be based.

*Hirschfield v. Bd. of County Comm'rs of the County of Teton*, 944 P.2d 1139, 1142 (Wyo. 1997) (citations and quotation marks omitted).

[¶ 6] The single issue before the district court in this case was whether the Board had the authority to grant Appellants temporary access during the private road condemnation case. Although evidence of irrelevant facts was presented, it is apparent from the decision letter that the district court limited its decision to the appropriate legal issue before it. This narrow issue of law falls into the category of an "interpretation of a statute upon which the administrative action is, or is to be based."

[¶ 7] Our interpretation of the Declaratory Judgment Act makes clear that "there remains the prerequisite that the party seeking declaratory relief present the court with an actual controversy. Trial judges may not dispense with the traditional rules prohibiting them from rendering advisory opinions or adjudicating hypothetical issues." *Hirschfield*, 944 P.2d at 1142 (citation omitted). We have established

> four elements as being necessary to establish a justiciable controversy under the Uniform Declaratory Judgments Act:

1. The parties must have existing and genuine, as distinguished from theoretical, rights or interests.

2. The controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion.

3. It must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities to be of such great and overriding public moment as to constitute the legal equivalent of all of them.

4. The proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues.

*Id.* at 1142–43.

■ [¶ 8] The parties are disputing the right to exclusive use of their land and the right to adequate access for their land, respectively. The first order granting Appellant temporary access had expired but, at the time the action was entertained, another request for temporary access was pending. With respect to the first requirement, there can be no doubt that real and genuine rights and interests are at stake in this case. Concerning the second requirement, the judgment of a court may certainly operate to determine the rights between parties in a land dispute. The judgment of the district court will also serve effectively to resolve this dispute, fulfilling the third requirement for a justiciable controversy, because the district court serves as an appellate court for issues of law concerning the acts of the county commission in administrative actions and its decisions are binding on that commission. *Ten Broek,* 2003 WY 164, ¶ 8, 82 P.3d at 273. Finally, this case, which has already been litigated for more than ten years before multiple tribunals, including this Court, has certainly been litigated with sufficient "militancy" to ensure that "thorough research and analysis of the major issues" has been conducted. *See Voss v. Albany County Comm'rs,* 2003 WY 94, 74 P.3d 714 (Wyo. 2003). This case presented a justiciable question and the district court had jurisdiction to decide that question.

### Summary Judgment—Interpretation of the Statute

■ [¶ 9] We review a grant of summary judgment entered in response to a petition for declaratory judgment *de novo. Wyo. Cmty. Coll. Comm'n v. Casper Cmty. Coll. Dist.,* 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo.2001). "We accord no deference to the district court on issues of law and may affirm the summary judgment on any legal grounds appearing in the record." *Id.* "The summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law." *Id.* There is no question of material fact in this case. The declaratory action was brought to determine whether the Board had the authority to grant temporary access over Appellee's land during the pending private road condemnation action. The parties admit that the Appellants requested temporary access and that the Board subsequently granted that temporary access across Appellee's land.

[¶ 10] All that remains is to examine the district court's interpretation of the statute. The Board gave the following justification for its decision to grant Appellants temporary access during the private road condemnation action:

Respondents correctly point out that the private road statute in effect at the time of the filing of the Petition does not expressly provide for the creation of temporary access during pendency of the proceedings.[3] The statute does not address temporary

---

3. This private road condemnation action was brought under Wyo. Stat. Ann. § 24–9–101 through § 24–9–104 (LexisNexis 1999) (amended 2000), which did not make provision for a grant of temporary access. The current version of Wyo. Stat. Ann. § 24–9–101 through § 24–9–104 (LexisNexis 2007) gives a Board of County Commissioners the power to grant temporary access during a private road condemnation action under certain conditions. *See* Wyo. Stat. Ann. § 24–9–101(d) (LexisNexis 2007).

access by allowing or disallowing it. However, the statute ultimately empowers the Board to declare existence of a permanent private road. The Board will assume and exercise its implied power to address the Petitioner's requested relief for temporary access as it has a multitude of issues that have arisen during the nine year history of this road application. . . .

[¶ 11] While the Board was correct that it is possible for an agency to have implied powers in conjunction with express statutory grants of power, this is not a situation where such an implied power exists. [W]e have long held that administrative agencies have certain implied powers necessary to fulfillment of their statutory purposes. Of course, those implied powers are only those derived by necessary implication from express statutory authority granted to the agency. A more comprehensive statement of the concept of implied powers in this setting is this:

> Generally, administrative agencies have the implied or incidental powers that are reasonably necessary in order to carry out the powers expressly granted. The reason for implied powers is that, as a practical matter, the legislature cannot foresee all the problems incidental to carrying out the duties and responsibilities of the agency. However, the inherent or implied power of an administrative agency is not boundless.

*BP Am. Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 28, 130 P.3d 438, 466–67 (Wyo.2006) (citations omitted).

[¶ 12] "Wyoming's private road statutes provide the mechanism by which a landowner may petition the exercise of the State's eminent domain power to condemn a private road across another's property in order to establish access between his own property and a public road." *Hulse v. First Amer. Title Co.*, 2001 WY 95, ¶ 31, 33 P.3d 122, 132 (Wyo.2001). "Neither the county commissioners nor the district court [is] at liberty to graft onto the statute that which [it] thinks ought to be included or to delete that which [it] find[s] inconvenient. Neither they nor we have authority to add to or delete from a statute." *Dunning v. Ankney*, 936 P.2d 61, 64–65 (Wyo.1997) (quoting *McGuire v. McGuire*, 608 P.2d 1278, 1287 (Wyo.1980)).

[¶ 13] Wyo. Stat. Ann. § 24–9–101 (LexisNexis 1999) makes no provision for temporary access. The purpose of a private road condemnation action is to determine whether a landowner meets the statutory requirements that allow a board of county commissioners to exercise its very limited powers of eminent domain. A grant of temporary access, while convenient for the petitioning landowner during the proceeding, is not a necessary step in the process. The ability of the commission to perform its duty is in no way frustrated by the lack of power to grant temporary access. Therefore, the power to grant temporary access is not reasonably necessary in order to carry out the powers expressly granted.

### *Amendment*

[¶ 14] The law in Wyoming is well settled that the decision to allow amendment to pleadings is vested within the sound discretion of the district court. That decision will be reversed only for an abuse of discretion shown by clear evidence.

*Ekberg v. Sharp*, 2003 WY 123, ¶ 9, 76 P.3d 1250, 1253 (Wyo.2003). Leave to amend pleadings "shall be freely given when justice so requires." W.R.C.P 15(a). We have identified the "proper test as to what the trial court should consider when an amendment is proffered" to be the following:

> " * * * If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave

sought should, as the rules require, be 'freely given.' * * * "

*Beaudoin v. Taylor*, 492 P.2d 966, 970 (Wyo.1972) (*quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

*Armstrong v. Hrabal*, 2004 WY 39, ¶ 11, 87 P.3d 1226, 1230–31 (Wyo.2004).

[¶ 15] Appellants sought leave to amend their Answer to add a claim for injunctive relief granting them temporary access to their property during the pending private road proceeding on the theory that the district court could grant such access through equity. We held in *Bush v. Duff,* 754 P.2d 159 (Wyo.1988), *overruled on other grounds by Ferguson Ranch, Inc. v. Murray,* 811 P.2d 287 (Wyo.1991), that a district court may not exercise the right of eminent domain. *Id.* at 162–63. In *Bush* we concluded that "[t]he court usurped the function of the executive department of government, the county commissioners, in contravention of the separation of powers mandated by Art. 2, § 1 of the Constitution of the State of Wyoming" when it granted what was, in effect, a private road under the statute. *Id.* at 165. Appellants' proposed amendment asked the district court to exercise powers of eminent domain not even granted to the executive branch at the time of the request. Such a request is futile under clearly established Wyoming law and it was no abuse of discretion for the district court to deny Appellants' request to add a futile claim to the Answer.

## CONCLUSION

[¶ 16] The district court had subject matter jurisdiction to entertain this action for declaratory judgment and correctly determined that the Board had no authority under Wyo. Stat. Ann. § 24–9–101 (LexisNexis 1999) to grant Appellants temporary access over Appellee's land during a pending private road proceeding. The district court did not abuse its discretion when it refused to allow Appellants to amend their Answer to add a futile claim. The judgment of the district court is affirmed.