2017 WY 85

**Bruce B. WILLIAMS, Appellant (Plaintiff),**

v.

**Scott MATHENY, as Campbell County Sheriff, Appellee (Defendant).**

S-16-0254

Supreme Court of Wyoming.

July 14, 2017

Representing Appellant: Pro se.

Representing Appellee: Carol Seeger, Campbell County Attorney's Office.

Before BURKE, C.J., and HILL, DAVIS, and KAUTZ, JJ., and CRANFILL, D.J.

CRANFILL, District Judge.

[¶1] Mr. Williams submitted a Public Records Request to the Campbell County Sheriff's office requesting a list of the "weapons and or offensive/defensive implements carried on the persons of any officers" involved with the killing of Niki Jo Burtsfield as well as "implements normally carried in an officer[']s vehicle." The Sheriff's office timely responded. Mr. Williams believed he was not provided all of the documents he requested, and made further inquiry. After some additional discussion between Mr. Williams and the Sheriff's office, Mr. Williams filed a "Petition for Reasonable Response Pursuant to § 16-4-202(b) & (c)." The district court granted summary judgment for the defendant, Scott Matheny, as Campbell County Sheriff. Mr. Williams appeals, requesting that he be allowed to physically inspect the original records. He raises several arguments for the first time on appeal, which we do not consider. Because the issues are moot, we affirm.

## ISSUES

[¶2] Mr. Williams states the following issues on appeal verbatim:

1. Must the public accept the statement that there are no more documents responsive to a [public records request] if the government entity has no method to physically show the likelihood that they are telling the truth?

2. Does W.S. 16-4-202(a) when it says "... reasonably necessary for the protection of the records and the prevention of unnecessary interference with the regular discharge of the duties ..." allow the official custodian to keep public records completely physically isolated from the public?

3. Does W.S. 16-4 (sic) allow the custodian of records to require that "... request must be an identifiable record that exists in physical form ..." or similar wording?

4. There is no concept in W.S. 16-4 (sic) that requires me to access public records using only Public Records Requests forms/paper requests and getting a copy of the record.

This Court restates the issue as follows:

1. Did the district court properly determine Mr. Williams' complaint was moot, dismissing the complaint after the Sheriff moved for summary judgment?

## FACTS

[¶3] On September 22, 2015, Mr. Williams submitted a public records request to the Campbell County Sheriff's office (Sheriff's office). Mr. Williams requested:

[A] list of the weapons and or offensive/defensive implements carried on the persons of any officers at the scene and involved with the situation which resulted in the killing of Niki Jo Burtsfield.

This is also a request for a list of the weapons and or offensive/defensive implements normally carried in an officer[']s vehicle on the date of the killing of Niki Jo Burtsfield.

[¶4] The Sheriff's office timely responded with the "Annual Patrol Equipment Inventory" of each of the officers involved; Deputies Jeff Mooney, Murel Brink, Ed Holden, Brittany Van Zee, and Corporal Scott Appley.[1]

---

1. In the Deputy Campbell County Attorney's affidavit in support of the Sheriff's Motion for Summary Judgment, she does not state that the annual equipment inventory of Officer Mooney was

Mr. Williams believed the equipment inventory to be responsive only to the first half of his request, and he waited for the rest of the information.

[¶5] On Friday, October 23, 2015, Mr. Williams returned to the Sheriff's office and verbally requested a list of the items carried on the officers' person. Mr. Williams was provided with General Order 302 (G.O. 302), which is an equipment inventory from the Campbell County Sheriff's Office Policy and Procedure Manual.

[¶6] The Deputy Campbell County Attorney assigned to assist with legal issues of the Sheriff's department, learned that the officers' weapons were purchased personally, and that the make, model and serial number were on the bi-annual qualification sheets of each officer. This information was provided to Mr. Williams.

[¶7] On October 29, 2015, Mr. Williams filed a "Petition for Reasonable Response Pursuant to § 16-4-202(b) & (c)" in district court, regarding his request to the Sheriff's office. He requested that the Sheriff or his "appointed representative do one of the following:"

A. Give me a copy of whatever they have that would answer what I have generically asked for.

B. Get with me to discuss what documents I need to request.

C. Allow me full access to any and all documents that the Sheriff has that are not specifically excluded by § 16-4-2 (sic) and justify to the court the records they are excluding.

[¶8] The Sheriff filed a "Motion for Judgment on the Pleadings and/or Motion to Dismiss" on November 18, 2015. The district court held a hearing on May 11, 2016, and issued an order requiring Mr. Williams to respond to the Sheriff's Rule 4 argument within 10 days, as well as allowing the Sheriff to file alternative pleadings or other informa-

submitted, although it appears in the exhibits in the record, and is included in her written response to Mr. Williams' verbal request.

2. In his petition for reasonable response, Mr. Williams' requested relief was as follows:

tion which would convert the matter to a motion for summary judgment within 30 days. Mr. Williams was also permitted to respond to any additional materials. Both parties submitted additional materials, and the district court granted the Sheriff's Motion for Summary Judgment.

## STANDARD OF REVIEW

[¶9] We review a grant of summary judgment entered in response to a declaratory judgment action through our usual standard for review of summary judgments. *State ex rel. Arnold v. Ommen*, 2009 WY 24, ¶ 13, 201 P.3d 1127, 1132 (Wyo. 2009); *Voss v. Goodman*, 2009 WY 40, ¶ 9, 203 P.3d 415, 419 (Wyo. 2009).

Our review of a district court's summary judgment ruling is *de novo*, using the same materials and following the same standards as the district court. *Arnold*, ¶ 13, 201 P.3d at 1132; W.R.C.P. 56(c). No deference is accorded to the district court on issues of law, and we may affirm the summary judgment on any legal grounds appearing in the record. *Voss*, ¶ 9, 203 P.3d at 419. "The summary judgment can be sustained only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law." *Id.*

*Cheyenne Newspapers, Inc. v. Board of Trustees of Laramie Cty. Sch. Dist. No. One*, 2016 WY 113, ¶ 8, 384 P.3d 679, 682 (Wyo. 2016) (quoting *Cont'l Western Ins. Co. v. Black*, 2015 WY 145, ¶ 13, 361 P.3d 841, 845 (Wyo. 2015) (quoting *City of Casper v. Holloway*, 2015 WY 93, ¶ 28, 354 P.3d 65, 73 (Wyo. 2015))).

## DISCUSSION

[¶10] The issues Mr. Williams states on appeal differ from the relief he requested of the district court.[2] The first issue Mr.

A. Give me a copy of whatever they have that would answer what I have generically asked for.

B. Get with me to discuss what documents I need to request.

C. Allow me full access to any and all documents that the Sheriff has that are not specif-

Williams identifies on appeal appears to be a new issue; however the requested relief is to physically inspect the files. Mr. Williams did request this relief from the district court. The second, third, and fourth issues Mr. Williams presents on appeal are clearly new issues, and will not be considered. "[W]e generally decline to review issues raised for the first time on appeal." *Kordus v. Montes*, 2014 WY 146, ¶ 10, 337 P.3d 1138, 1141 (Wyo. 2014) (citing *In re Lankford*, 2013 WY 65, ¶ 28, 301 P.3d 1092, 1101 (Wyo. 2013); *Jones v. State*, 2006 WY 40, ¶ 7, 132 P.3d 162, 164 (Wyo. 2006)).

[¶11] This appeal presents no disputed issues of material fact. The Court's only task is to determine if the Sheriff's office was entitled to judgment as a matter of law. In determining whether the district court appropriately granted summary judgment, we look to the same documents as the district court, giving no weight to any legal conclusions. We review the materials in a light most favorable to Mr. Williams because he opposes the motion.

The party requesting a summary judgment bears the initial burden of establishing a *prima facie* case for summary judgment. If he carries his burden, "the party who is opposing the motion for summary judg-

> ically excluded by § 16-4-2 (sic) and justify to the court the records they are excluding.
In his appeal, Mr. Williams states the issues and requested relief as follows:
> 1. Must the public accept the statement that there are no more documents responsive to a [public records request] if the government entity has no method to physically show the likelihood that they are telling the truth? Relief Sought—Allow me to physically inspect ALL public records under the control of the Campbell County Sheriff as per W.S. 16-4 (sic) as was requested in my original filing with the District Court. (Emphasis in original.)
> 2. Does W.S. 16-4-202(a) when it says "... reasonably necessary for the protection of the records and the prevention of unnecessary interference with the regular discharge of the duties ..." allow the official custodian to keep public records completely physically isolated from the public? Relief Sought—Require that public records, which are not privileged or confidential by law, not be kept physically isolated from the public, but rather available at all times to physical inspection.

ment must present specific facts to demonstrate that a genuine issue of material fact exists." [*Christensen v. Carbon County*, 2004 WY 135, ¶ 8, 100 P.3d 411, 413-14 (Wyo. 2004) (quoting *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, 1055 (Wyo. 2002)) ]. We have explained the duties of the party opposing a motion for summary judgment as follows:

> "After a movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing there are genuine issues of material fact. The opposing party must affirmatively set forth material, specific facts in opposition to a motion for summary judgment, and cannot rely only upon allegations and pleadings ..., and conclusory statements or mere opinions are insufficient to satisfy the opposing party's burden."

*Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶ 9, 148 P.3d 8, 12–13 (Wyo. 2006) (quoting *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 12, 126 P.3d 886, 890 (Wyo. 2006), quoting *Jones v. Schabron*, 2005 WY 65, ¶ 10, 113 P.3d 34, 37–38 (Wyo. 2005) (internal citations omitted)).

> 3. Does W.S. 16-4 (sic) allow the custodian of records to require that "... request must be an identifiable record that exists in physical form ..." or similar wording? Relief Sought—A ruling that all custodians of records **who decide to communicate what a public record is** communicate that the definition of a public record is contained in W.S. 16-4-201(v), (vi), and (x) and make the text of the definition available to the person they are communicating with if so requested or they are/may be knowingly violating the recipient['']s rights under the U.S. Const. 1st Amendment and the WY Const Art 1 Sec. 3, Sec. 20, Sec. 21; Art. 2 Sec. 1. (Emphasis in original.)
> 4. There is no concept in W.S. 16-4 (sic) that requires me to access public records using only Public Records Requests forms/paper requests and getting a copy of the record. Relief Sought—Require that all custodians of records allow the public to access any and all public documents which are not privileged or confidential by law without leaving a paper trail.

[¶12] Distilling out Mr. Williams' "strong"[3] commentary, it is clear to this Court that the Sheriff met his burden and established a *prima facie* case for summary judgment. The burden then shifts to Mr. Williams to prove the existence of a disputed material fact. The evidence opposing a *prima facie* case for summary judgment must be competent and admissible. *See Cook,* ¶ 12, 126 P.3d at 890 (citing *Jones,* ¶ 10, 113 P.3d at 37–38). Speculation, conjecture, and assumptions are not sufficient to establish a dispute over a material fact. *Id.*

> After a movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing there are genuine issues of material fact. Wyo. R. Civ. P. 56(e); *Hyatt v. Big Horn Sch. Dist. No. 4,* 636 P.2d 525, 528 (Wyo. 1981). The opposing party must affirmatively set forth **material, specific facts** in opposition to a motion for summary judgment, and cannot rely only upon allegations and pleadings . . ., and **conclusory statements or mere opinions are insufficient to satisfy the opposing party's burden.**

*Jones,* ¶ 10, 113 P.3d at 37–38 (citing *Downen v. Sinclair Oil Corporation,* 887 P.2d 515, 519 (Wyo. 1994) (emphasis added)).

[¶13] Mr. Williams has made it abundantly clear that he believes he is not receiving all of the documents he requested which relate to the Burtsfield incident. He offers the following in support of his belief:

1. His statement in response to the Sheriff's Motion for Judgment on the Pleadings and/or Motion to Dismiss. He stated, "The Defendant, through his lawyer [ ] has said in their paragraph 2 there is no other list of equipment for the officers. In that case, maybe they can explain what the officers were to do with the breaching rounds, throw them at the deadbolt?" Breaching rounds appear as issued inventory in the annual patrol inventory. Mr. Williams noted that his statement was a "strong response" to

the fact that there was some missing information in some form.

2. His personal observations of police officers around town, and their uniform appearance. Mr. Williams states:

   I wish to also note that I have been watching the Sheriff[']s deputies as I run into them out and about in town and around the county and I have noticed they all have about the same uniform on, the same badges, the same weapons on their bodies and in their vehicles as well as approximately the same looking belt with various attachments. Based on this it would be hard to believe there wasn't a list or lists of some sort that specifies these items. That much consistency is not achieved without supervision from someone(s) that has some sort of list of required accoutrements (sic).

3. Mr. Williams' unvoiced opinion that some guidance or list regarding acceptable weapons must exist, due to the fact that there are limits on what weapons are legal to own in general. More specifically he states:

   My response to [the district court's comment that the Sheriff's office did not issue weapons, so they would have no such list] (not verbally, just in my head) was that the Sheriff's department would, through common sense, have to give guidance as to what was acceptable for the state. Since there are legal concerns about the caliber and nature for common use and such. We do after all limit the minimum caliber when hunting, surely there are limits when shooting people. After all, we don't want the police or Sheriff[']s deputies out using B.B. guns or fully automatic 50 caliber[s] with depleted Uranium bullets to stop j-walkers.

4. Mr. Williams' assertion that, because General Order 201 was provided eight months after his initial request, the Sheriff's office knew about General Order 201 the entire time and were keeping it from him. His statement that he

---

**3.** Mr. Williams characterizes one of his statements as a "strong response" to the fact that there was some missing information in some

form. Commentary of this nature is ubiquitous in Mr. Williams' submissions.

wonders "what other information the Sheriff is hiding from me."

[¶14] It was Mr. Williams' burden to show that there is a dispute as to a material fact in order for his petition to survive summary judgment. He has not done so. The evidence he relies on to show that some document has not been provided is comprised of assumptions, conclusory statements, and conjecture. It is not admissible, competent evidence. It has long been the rule that such evidence will not propel a claimant past a summary judgment challenge.

[¶15] Because it is clear to this Court that no issue of material fact exists, we next determine if the Sheriff was entitled to judgment as a matter of law. "We 'may affirm the summary judgment on any legal grounds appearing in the record.'" *Lawrence v. City of Rawlins*, 2010 WY 7, ¶ 12, 224 P.3d 862, 868 (Wyo. 2010) (quoting *Wyo. Cmty. College Comm'n v. Casper Community College Dist.*, 2001 WY 86, ¶ 11, 31 P.3d 1242, 1247 (Wyo. 2001)). The district court correctly determined that the inquiry is moot, and we affirm.

The doctrine of mootness considers whether a justiciable controversy remains between the parties. *In re Guardianship of MEO*, 2006 WY 87, ¶ 27, 138 P.3d 1145, 1153 (Wyo. 2006). "A court should not hear a case where there has been a change in circumstances occurring either before or after a case has been filed that eliminates the controversy." *Id.* (quoting *Southwestern Pub. Serv. Co. v. Thunder Basin Coal Co.*, 978 P.2d 1138, 1143 (Wyo. 1999)). We have explained:

The doctrine of mootness encompasses those circumstances which destroy a previously justiciable controversy. This doctrine represents the time element of standing by requiring that the interests of the parties which were originally sufficient to confer standing persist throughout the duration of the suit. Thus, the central question in a mootness case is "whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties."

*MEO*, ¶ 27, 138 P.3d at 1153–54 (quoting *Southwestern Pub. Serv. Co.*, 978 P.2d at 1143); *see also In re AJ*, 736 P.2d 721, 723 (Wyo. 1987) ("Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgment.").

*Operation Save Am. v. City of Jackson*, 2012 WY 51, ¶ 21, 275 P.3d 438, 448 (Wyo. 2012).

[¶16] Here, Mr. Williams requested a list of the offensive/defensive implements normally carried by an officer and in an officer's vehicle, as well as those specifically carried by the officers responding to the Burtsfield shooting. He has been provided the annual patrol inventory, two general orders regarding equipment and firearms, the Sheriff's office incident report as well as some information from DCI's investigation. Mr. Williams' statement regarding General Order 201 indicates that he has received the information he was seeking. He stated: "in that document [G.O. 201] there is a list of allowed weapons—a LIST in a POLICY, **what I had requested about 8 months earlier**." (Capitalization in original, bold emphasis added.)

[¶17] Mr. Williams concedes that G.O. 201 was the document he was seeking, a document he has now received. His continued insistence on physically inspecting all of the Sheriff's files seems to arise from his concern that the Sheriff is "hiding" something from him. The Court cannot grant him relief on that basis alone.

[¶18] Additionally, it does not appear that the relief Mr. Williams has requested is contemplated by the Wyoming Public Records Act (the Act). The Act provides relief in three instances. First, when requested records are not under the control of the person to whom application is made, if the applicant believes there is no good cause preventing a response within 7 business days, the applicant may petition the district court for a determination as to whether good cause exists. *See* Wyo. Stat. Ann. § 16-4-202(b) (LexisNexis 2017). A similar procedure is outlined if the requested records are in active use or storage. Wyo. Stat. Ann. 16-4-202(c). If an applicant believes good cause does not exist for a delayed response, the applicant may

petition the court for a good cause determination. *Id.* Mr. Williams' petition does not fall into either of these categories.

[¶19] Second, the Act also includes a remedy when the custodian denies access to any public record, stated as follows:

(e) If the custodian denies access to any public record, the applicant may request a written statement of the grounds for the denial. The statement shall cite the law or regulation under which access is denied and shall be furnished to the applicant.

(f) Any person denied the right to inspect any record covered by this act may apply to the district court of the district wherein the record is found for an order directing the custodian of the record to show cause why he should not permit the inspection of the record.

Wyo. Stat. Ann. § 16-4-203. Here, the custodian has not denied access to any public record. Accordingly, Mr. Williams' request does not fall under these provisions either.

[¶20] Lastly, the Act provides a remedy for violations as stated in Wyo. Stat. Ann. § 16-4-205, which provides,

Any person who knowingly or intentionally violates the provisions of this act is liable for a penalty not to exceed seven hundred fifty dollars ($750.00). The penalty may be recovered in a civil action and damages shall be assessed by the court. Any action pursuant to this section shall be initiated by the attorney general or the appropriate county attorney.

Clearly, Mr. Williams' request does not fall into this category either. It does not appear to the Court that the Wyoming Public Records Act contemplates the relief Mr. Williams has requested, but it is not necessary to resolve that question at this time.

[¶21] The Court deems it prudent to note that no obligation exists under the public records act to create a public record if none exists. The very definition of a public record indicates as much: " 'Public records' when not otherwise specified includes any information in a physical form created, accepted, or obtained by the state or any agency, institution or political subdivision of the state in furtherance of its official function and transaction of public business which is not privileged or confidential by law." Wyo. Stat. Ann. § 16-4-201(v). Only information that is in a physical form qualifies as a public record. If information is known to the state or an agency but it is not in a physical form created, accepted, or obtained by the state or agency, by definition, that information is not a public record.

[¶22] The Act goes on to state that in the case of an electronic records request, "(iii) An agency shall not be required to compile data, extract data or create a new document to comply with an electronic record request if doing so would impair the agency's ability to discharge its duties." Wyo. Stat. Ann. § 16-4-202(d). The Act does not require that known information be reduced to a public record, rather the Act grants the public the right, subject to the protection by the custodian, to inspect documents which *are* public records.

[¶23] The Sheriff has, as of the time of the district court's ruling, provided the information that Mr. Williams has requested, rendering this inquiry moot. We affirm.