# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 52

APRIL TERM, A.D. 2024

May 7, 2024

CODY CRITTENDEN,

Appellant
(Defendant),

v.

S-24-0007

LACEY CRITTENDEN,

Appellee
(Plaintiff).

*Appeal from the District Court of Lincoln County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellant:*
    Cody Crittenden, pro se.

*Representing Appellee:*
    Lacey Crittenden, pro se.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    The district court entered an order granting Cody Crittenden (Husband) and Lacey Crittenden (Wife) a divorce, establishing a custody arrangement for their child, and dividing their marital property.  Husband, representing himself, filed an appeal challenging the property division.  Finding Husband's brief failed to comply with Rule 7.01 of the Wyoming Rules of Appellate procedure, we summarily affirm.

## ISSUES

[¶2]    Husband did not provide this Court with a statement of the issues.  Wife's brief states the following issues:[1]

    I.      The district court properly divided the parties' property; thus, its property division was reasonable, was not an abuse of discretion, and should be upheld.

    II.     Appellant's brief generally fails to comply with W.R.A.P. 7.01 (a), (b), (c), (d), (f), (g), (h), and (k)[] and should be summarily dismissed with attorney's fees for attorney advisement on this case being awarded to Appellee.

Because we summarily affirm under W.R.A.P. 1.03(a), we only address the second issue.

## FACTS

[¶3]    The parties married in 2020 and had one child.  Wife, representing herself, filed a complaint for divorce in June 2023.  Husband, also representing himself, filed an answer. In August, the district court held a scheduling conference where Wife informed the court the parties had reached a settlement agreement in mediation prior to the filing of the divorce, and she intended to move to enforce the agreement.  In November, the district court held a hearing and took testimony from Wife and Husband.  After the hearing, the court entered a decree of divorce—using the self-represented litigant form order— establishing child custody and dividing the marital property.  Husband timely filed his appeal.

## DISCUSSION

[¶4]    A party seeking judicial review of a court order must comply with the Wyoming Rules of Appellate Procedure.  W.R.A.P. 1.02; *Cor v. Sinclair*, 2017 WY 116, ¶ 4, 402

---

[1] Wife continues to represent herself but engaged counsel to help prepare her appellate brief, through limited scope representation pursuant to U.R.D.C. 102(a)(1)(B).

P.3d 992, 994 (Wyo. 2017) (citation omitted). The failure to comply with any rule—other than the jurisdictional requirement to timely file a notice of appeal—"is ground . . . for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; monetary sanctions; award of attorney fees; dismissal; and affirmance." W.R.A.P. 1.03; *Cor*, 2017 WY 116, ¶ 4, 402 P.3d at 994 (citations omitted). Therefore, the appellate court has discretion to dismiss or summarily affirm an appeal when a party has filed a deficient brief. *Cor*, 2017 WY 116, ¶ 4, 402 P.3d at 994 (citation omitted); *McInerney v. Kramer*, 2023 WY 108, ¶ 9, 537 P.3d 1146, 1148 (Wyo. 2023) (citations omitted).

[¶5]    Husband grossly failed to adhere to the briefing requirements set out in W.R.A.P 7.01. His two-page brief does not identify the name, address, and telephone number of the attorney or party preparing the brief as required by W.R.A.P. 7.01(a)(3); it contains no table of contents with page references as required by W.R.A.P. 7.01(b); it provides no table of cases alphabetically arranged, statutes and other authorities cited, with reference to pages where they appear as required by W.R.A.P. 7.01(c); no statement of jurisdiction is present as required by W.R.A.P. 7.01(d); a statement of issues is not presented as required by W.R.A.P. 7.01(e); it contains no statement of the case including the nature of the case, setting out the facts relevant to the issues presented for review, describing the relevant procedural history, and identifying the rulings presented for review, with citations to page names in the designated record on appeal as required by W.R.A.P. 7.01(f); it fails to provide citations to the authorities, statutes and pages of the designated record on appeal relied on as required by W.R.A.P. 7.01(g)(1); and it fails to include an appendix containing the final order appealed from as required by W.R.A.P. 7.01(k).[2]

[¶6]    We have stated "[t]hese requirements are not meaningless obstacles to a review by this court of a given case but rather are necessary to drafting an organized, thoughtful, and analytical opinion on well defined issues." *See, e.g.*, *Cor*, 2017 WY 116, ¶ 6, 402 P.3d at 994 (quoting *MTM v. State (In re KD)*, 2001 WY 61, ¶ 9, 26 P.3d 1035, 1036–37 (Wyo. 2001)); *McInerney*, 2023 WY 108, ¶ 11, 537 P.3d at 1149 (citation omitted). Though we tend to make "some allowances" for self-represented litigants, we nonetheless expect them "to comply with the Wyoming Rules of Appellate Procedure just as we require trained lawyers to do." *Cor*, 2017 WY 116, ¶ 6, 402 P.3d at 994 (citations omitted). "[B]latant disregard of our rules of procedure cannot and will not be condoned." *Id.* (quoting *Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶ 14, 272 P.3d 963, 966 (Wyo. 2012)). Husband's brief critically failed to comply with our rules of appellate procedure as detailed above. We therefore summarily affirm the district court's order.

---

[2] Husband also failed to designate the parts of the record to which he intended to direct this Court in his brief as required by W.R.A.P. 3.05(b). We have a copy of the decree from which Husband appeals only because Wife provided it as an appendix to her brief.

2

[¶7]   Wife requested an award of attorney's fees and costs under W.R.A.P. 10.05.  We decline to assess attorney's fees.  However, Wife shall submit a statement of costs to this Court, and upon review, an appropriate award of costs will be ordered.  *See* W.R.A.P. 10.05(a).