# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 127

### OCTOBER TERM, A.D. 2024

### November 27, 2024

MATTHEW RUSSELL NOE,

Appellant
(Respondent),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF FAMILY
SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION,

Appellee
(Petitioner).

S-24-0076

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
    *Matthew Russell Noe, pro se.*

*Representing Appellee:*
    *Bridget Hill, Attorney General; Christina F. McCabe, Deputy Attorney General;*
    *Wendy S. Ross, Senior Assistant Attorney General.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Chief Justice.**

[¶1]    The district court established Matthew Russell Noe's paternity and ordered him to pay temporary support to the Department of Family Services (the Department) for its care of Mr. Noe's son, IJN. Mr. Noe, appearing pro se, appeals the district court's order, claiming numerous violations of his rights under the United States Constitution and contract law. The Department responds that the matter is moot because the district court amended its order to eliminate Mr. Noe's support obligation. Because the district court lacked jurisdiction to amend its order after Mr. Noe's appeal was docketed in this Court, we reject the Department's argument that the matter is moot. We nonetheless affirm because Mr. Noe's brief fails to comply with W.R.A.P. 7.01.

### ISSUES

[¶2]    Mr. Noe's brief does not contain a statement of the issues. The Department presents two issues, which we rephrase as:

> 1. Is Mr. Noe's challenge to the district court's order moot?
>
> 2. Should this Court affirm the district court's ruling because Mr. Noe's Brief does not comply with W.R.A.P. 7.01?

### FACTS

[¶3]    In the summer of 2023, the Department petitioned the district court to establish Mr. Noe's paternity of IJN and order Mr. Noe to contribute to the support of IJN for the time he was in the Department's custody. Mr. Noe did not appear at the hearing on the petition. Following the hearing, the district court entered an order establishing his paternity and ordering him to pay $334.00 per month for the eight-month period that IJN had been in the Department's custody, for a total of $2,672.00. Mr. Noe timely appealed, and this Court docketed his appeal on March 21, 2024. On March 27, 2024, the district court entered an order amending Mr. Noe's support obligation to $0.00, but leaving the establishment of his paternity in place.

### STANDARD OF REVIEW

[¶4]    The Department contends that the district court's amended order renders Mr. Noe's appeal moot, as his monetary obligation no longer exists. Mootness is a question of law that we review de novo. *Guy v. Wyo. Dep't of Corr. by and through Lampert*, 2019 WY 69, ¶ 10, 444 P.3d 652, 656 (Wyo. 2019). The Department also asks

1

us to affirm because Mr. Noe's brief fails to comply with W.R.A.P. 7.01. When a party fails to comply with the briefing requirements, we have discretion to disregard any arguments and affirm. *Crittenden v. Crittenden*, 2024 WY 52, ¶ 4, 547 P.3d 977, 978 (Wyo. 2024).

## DISCUSSION

### I. Mr. Noe's appeal is not rendered moot by the district court's amended order because the district court did not have jurisdiction to amend its order.

[¶5]   The Department first contends that "[Mr.] Noe's argument is moot because the district court entered an amended order setting his temporary child support obligation at $0.00 and stating he owed the State a total of $0.00." The doctrine of mootness is based on the premise that "[a] court should not hear a case where there has been a change in circumstances occurring either before or after a case has been filed that eliminates the controversy." *Williams v. Matheny*, 2017 WY 85, ¶ 15, 398 P.3d 521, 527 (Wyo. 2017) (quoting *Operation Save Am. v. City of Jackson*, 2012 WY 51, ¶ 21, 275 P.3d 438, 448 (Wyo. 2012)). The Department argues that the district court's amended order eliminated the controversy and that none of our established exceptions to the mootness doctrine apply.

[¶6]   Because the amended order is without effect, it cannot render Mr. Noe's appeal moot. W.R.A.P. 6.01(b) states: "The appellate court shall acquire jurisdiction over the matters appealed when the case is docketed. In all cases, the trial court retains jurisdiction over all matters and proceedings ***not the subject of the appeal*** . . . unless otherwise ordered by the appellate court." (emphasis added). As a result, "before a trial court can grant relief regarding an issue that has been appealed to this Court, the parties must first seek a remand." *Mantle v. N. Star Energy & Constr. LLC*, 2019 WY 54, ¶ 15, 441 P.3d 841, 845 (Wyo. 2023). The district court's loss of jurisdiction once an appeal is docketed is not total; it "retains jurisdiction to address issues that are 'collateral to the issues presented in the appeal.'" *Id.*, ¶ 17, 441 P.3d at 846 (quoting *Capellen v. State*, 2007 WY 107, ¶ 25, 161 P.3d 1076, 1083 (Wyo. 2007)).[1] The crucial distinction is whether the matter may be affected by the result of the pending appeal. *See Garwood v. Garwood*, 2010 WY 91, ¶ 27, 233 P.3d 977, 984 (Wyo. 2010) (district court retained jurisdiction over attorneys' fees issue because it was not the subject of the appeal); *see also Mantle*, 2019 WY 54, ¶ 15, 441 P.3d at 846 (stating that W.R.A.P. 6.01(b) is "intended to ensure

---

[1] Such collateral issues include "enforc[ing] its decrees and orders and . . . protect[ing] the parties as to any rights they acquired in the district court proceedings." *Garwood v. Garwood*, 2010 WY 91, ¶ 26, 233 P.3d 977, 984 (Wyo. 2010). They may also include a motion for attorneys' fees and costs, if that is not the subject of the appeal. *Id.*, ¶ 27, 233 P.3d at 984.

that a litigant is not simultaneously fighting the same battle in the trial court and the appellate court.").

[¶7]   Mr. Noe filed his notice of appeal on February 20, 2024, and his appeal was docketed in this Court on March 21, 2024. The amended order eliminating Mr. Noe's monetary obligation was signed by the district court judge and filed six days later, on March 27. By that point, the district court only retained jurisdiction "over matters unrelated to the appeal and to enforce its orders." *Davidson-Eaton v. Iversen*, 2021 WY 49, ¶ 13, 484 P.3d 23, 25 (Wyo. 2021) (citing W.R.A.P. 6.01(b); *Garwood*, 2010 WY 91, ¶ 26, 233 P.3d at 984). While Mr. Noe's brief is unclear in most respects, his appeal is a direct challenge to the district court's initial order, which included the monetary judgment for his child support obligation. Thus, the amended order "did not merely address a matter collateral to the issues on appeal," *Mantle*, 2019 WY 54, ¶ 18, 441 P.3d at 846, and the district court was without jurisdiction to enter that order. *See* W.R.A.P. 6.01(b).[2] Because that order is without effect, it cannot "eliminate[] the controversy" and thereby render Mr. Noe's appeal moot. *Williams*, 2017 WY 85, ¶ 15, 398 P.3d at 527.

## II.    *We affirm because Mr. Noe's brief fails to comply with W.R.A.P. 7.01.*

[¶8]   In the alternative, the Department asks that we affirm because Mr. Noe's brief does not comply with W.R.A.P. 7.01. Despite the leniency we are willing to afford pro se litigants, *Burke v. State*, 2024 WY 33, ¶ 8, 545 P.3d 440, 442 (Wyo. 2024), the deficiencies in Mr. Noe's brief warrant affirmance in this case.

[¶9]   W.R.A.P. 7.01 requires an appellant's brief to contain a title page with the contact information of the party preparing the brief, a table of contents, a table of authorities, a statement of jurisdiction, a statement of the issues, a statement of the case, an argument with citations to authorities and the record, a conclusion stating the relief sought, the signature of the party submitting the brief, a certificate of service, and an appendix. When an appellant fails to comply with W.R.A.P. 7.01, we have discretion to disregard the appellant's arguments and affirm. *Crittenden*, 2024 WY 52, ¶ 4, 547 P.3d at 978. Further, as a general matter, we will not consider issues unsupported by cogent argument and citation to legal authority. *See, e.g.*, *Keefe v. State*, 2024 WY 93, ¶ 11, 555 P.3d 492, 496 (Wyo. 2024); *Vassilopoulos v. Vassilopoulos*, 2024 WY 87, ¶ 28, 557 P.3d 725, 733-34 (Wyo. 2024); *Whitmore v. State*, 2024 WY 81, ¶ 22, 552 P.3d 828, 833 (Wyo. 2024). The briefing requirements "are not meaningless obstacles to a review by this court of a given

---

[2] Though neither Mr. Noe nor the Department address the district court's jurisdiction to enter the amended order in their briefing to this Court, "[a] lack of subject matter jurisdiction constitutes a fundamental defect in the proceeding which cannot be cured by waiver or consent by the parties," and we may address such a defect sua sponte if not addressed by the parties. *McCallister v. State ex rel. Dep't of Workforce Serv.*, 2019 WY 47, ¶ 10, 440 P.3d 1078, 1081 (Wyo. 2019) (quoting *Matter of Adoption of L-MHB*, 2018 WY 140, ¶ 9, 431 P.3d 560, 564 (Wyo. 2018)).

case but rather are necessary to drafting an organized, thoughtful, and analytical opinion on well defined issues." *Crittenden*, 2024 WY 52, ¶ 6, 547 P.3d at 979 (quoting *Cor v. Sinclair Serv. Co.*, 2017 WY 116, ¶ 6, 402 P.3d 992, 994 (Wyo. 2017)).

[¶10]  Mr. Noe's brief does not contain his contact information, a table of contents, a table of authorities, a statement of jurisdiction, a certificate of service, or an appendix. More fundamentally, he does not provide a statement of the issues, provide cogent argument on the numerous issues he purports to raise, or provide citations to the record for his vague assertions. His brief leaves us unable to determine what most of the issues are, and unable to assess his contentions on the issues that are discernable.

## *CONCLUSION*

[¶11]  The district court was without jurisdiction to enter its amended order purporting to eliminate Mr. Noe's child support obligation. Therefore, that order is without effect and does not render his appeal moot. However, we affirm because of Mr. Noe's significant failure to observe our briefing requirements.