# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 81

APRIL TERM, A.D. 2025

July 21, 2025

DENNIS ANTHONY LEE,

Appellant
(Defendant),

v.

MARIANA J. CAMARILLO
CHAVERO,

Appellee
(Plaintiff).

S-25-0007

*Appeal from the District Court of Laramie County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellant:*
    Dennis Anthony Lee, Pro Se

*Representing Appellee:*
    Donna D. Domonkos, Domonkos & Thorpe, LLC, Cheyenne, Wyoming.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Chief Justice.**

[¶1]   Dennis Anthony Lee, appearing pro se, challenges the district court's divorce decree which awarded his former wife, Mariana J. Camarillo Chavero, custody of the parties' two children, ordered him to pay child support, and divided the marital property. He claims the district court did not have jurisdiction over the divorce action and, to the extent it had jurisdiction, the court erred and violated his rights in various ways. We dismiss Mr. Lee's appeal for lack of jurisdiction because he failed to identify the divorce decree as the appealed order, by name or date, in his notice of appeal.

## ISSUE

[¶2]   The dispositive issue, which we raise sua sponte, is whether this Court lacks jurisdiction over Mr. Lee's appeal of the divorce decree.

## FACTS

[¶3]   The underlying facts are not pertinent, but we will provide a brief description of the course of proceedings to provide context for our decision. On October 31, 2023, Ms. Chavero filed a verified complaint for divorce against Mr. Lee in the Laramie County district court. She asserted jurisdiction and venue were appropriate in Laramie County and sought a divorce, primary custody of the parties' two children, child support, and equitable distribution of the marital property and debt. Mr. Lee answered and filed a verified counterclaim. He asserted the district court had subject matter jurisdiction over the divorce action and requested a divorce, primary custody of the children, child support, and equitable division of the parties' assets and debts.

[¶4]   The district court entered a divorce decree on November 26, 2024. It awarded Ms. Chavero sole legal and physical custody of the children, ordered Mr. Lee to pay child support, and divided the marital assets. On December 4, 2024, Mr. Lee filed a notice of appeal using the docket number of the district court divorce case but did not identify the divorce decree as the appealed order. Instead, his notice stated he was appealing a Judgment and Sentence issued by the district court on November 11, 2024. He never amended his notice of appeal to include the divorce decree as an appealed order. Nevertheless, his brief on appeal focuses on errors he claims the district court made in the divorce case.

## DISCUSSION

[¶5]   "'[A] lack of subject matter jurisdiction constitutes a fundamental defect in the proceeding which cannot be cured by waiver or consent by the parties, and we may address such a defect sua sponte if not addressed by the parties." *Noe v. State ex rel. Dep't of Family Servs., Child Support Enf't Div.,* 2024 WY 127, ¶ 7 n.2, 559 P.3d 607,

611 n.2 (Wyo. 2024) (quoting *McCallister v. State ex rel. Dep't of Workforce Serv.*, 2019 WY 47, ¶ 10, 440 P.3d 1078, 1081 (Wyo. 2019)). Because the timely filing of a notice of appeal is jurisdictional, an appellant's failure to do so requires this Court to dismiss the appeal. *Cosco v. Uphoff,* 2003 WY 30, ¶ 4, 66 P.3d 702, 703 (Wyo. 2003). The issue of whether this Court has jurisdiction is a question of law reviewed de novo. *Martin v. Hart*, 2018 WY 123, ¶ 17, 429 P.3d 56, 62 (Wyo. 2018) (citing *Inman v. Williams*, 2008 WY 81, ¶ 10, 187 P.3d 868, 874 (Wyo. 2008)).

[¶6]     Rule 2.01(a) of the Wyoming Rules of Appellate Procedure (W.R.A.P.) provides "[a]n appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order[.]" Under W.R.A.P. 1.03(a), "[t]he timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional." *See also Merchant v. Gray,* 2007 WY 208, ¶ 4, 173 P.3d 410, 412 (Wyo. 2007) (discussing requirements for a notice of appeal). W.R.A.P. 2.07 sets out the requirements for a notice of appeal. The notice of appeal must "[i]dentify the judgment or appealable order" the appellant wishes to appeal. Rule 2.07(a)(2). In civil cases, the notice of appeal must include an appendix listing "[a]ll pleadings that assert a claim for relief," "[a]ll orders or judgments disposing of claims for relief," and "[t]he judgment or final order[.]" Rule 2.07(b)(1)-(3).

[¶7]     In *EOG Res., Inc. v. JJLM Land, LLC,* 2022 WY 162, ¶¶ 39-43, 522 P.3d 605, 615-17 (Wyo. 2022), we considered whether the appellant's notice of appeal identifying the court's summary judgment decision was sufficient to also perfect an appeal of a later district court order. It was not. *Id.* We ruled that, under the Rules of Appellate Procedure, the appellant was required to identify the challenged order in its notice of appeal and this Court did not have jurisdiction to review an unidentified order. *Id.,* ¶¶ 40-41, 522 P.3d at 616. "A notice of appeal 'only perfects an appeal of the order(s) identified in the notice.'" *Id.,* ¶ 41, 522 P.3d at 616 (quoting *Evans v. Moyer*, 2012 WY 111, ¶ 18, 282 P.3d 1203, 1209 (Wyo. 2012)).

[¶8]     The district court issued its decree of divorce in this case on November 26, 2024. Mr. Lee filed a notice of appeal on December 4, 2024. His notice stated he intended to appeal "the Judgment and Sentence of the Court rendered on 11 day of Nov, 2024[.]" He did not include an appendix listing the items set out in Rule 2.07(b). Although he attached a number of documents to his notice of appeal, he did not include the divorce decree.[1] Mr. Lee never amended his notice of appeal.

[¶9]     The order Mr. Lee identified in his notice of appeal does not exist in the district court record of this case. Given this is a civil case, there was no judgment and sentence,

---

[1] Rule 2.07(b) states documents should not be attached to the notice of appeal or appendix.

and the record does not show any district court order entered on November 11, 2024. Thus, Mr. Lee's notice of appeal did not perfect an appeal of any order. Although his claims on appeal pertain to the district court's actions in the divorce case, he entirely failed to identify the divorce decree as the order being appealed.

[¶10]  Although Ms. Chavero did not raise the issue of jurisdiction and, in fact, stated this Court has jurisdiction pursuant to Mr. Lee's December 4, 2024, notice of appeal, we are required to raise the jurisdictional issue sua sponte. Under Rules 1.03, 2.01, and 2.07 and the case law cited above, Mr. Lee did not properly appeal the divorce decree. We do not, therefore, have jurisdiction over this appeal.

[¶11]  Dismissed for lack of jurisdiction.